[No. 2368.]

## MARK HARWELL *v.* THE STATE.

1. RECEIVING STOLEN PROPERTY—CHARGE OF THE COURT—EVIDENCE.—It was in proof that when the defendant received the animal mentioned in the indictment from one J., he received in connection with one G., two other animals, and that he and G. sold the three animals at the same time to one L. The defendant objected to all testimony in reference to the two animals not mentioned in the indictment. The trial court admitted the evidence, and instructed the jury that they could not consider it as tending to show that defendant or J. took the animal from the possession of the lawful owner. *Held*, that the evidence was admissible for the purpose of showing the defendant's fraudulent intent with respect to the yearling named in the indictment, and knowledge on his part at the time he received it that it was stolen property; and further that the charge of the court was authorized by the proof in the case, and sufficiently guarded the jury from misapplying the evidence.

2. SAME.—In rejecting evidence to the effect that, before he sold the animals to defendant and G., the vendor J. claimed them as his property, and bargained them to another party, the trial court erred. Such evidence was original and primary so far as it concerned the defendant, and he was entitled to have it considered by the jury.

3. SAME—BRANDS.—The record of a brand, to be legal under the provisions of Article 783 of the Penal Code, must designate the part of the animal on which the brand is to be placed. The record in this case designated the left hip, and it was objected to as evidence of ownership because the proof showed the brand to be on the side of the animal. *Held*, that the variance between the place designated in the record, and the place on which the animal was branded, the record being legal, could not affect the admissibility of the record in evidence, but only its probative force, and unsupported by other evidence, the record would not be sufficient proof of ownership. Such variance, however, may be explained by other evidence.

4. SAME—CHARGE OF THE COURT to the effect that a recorded brand is *conclusive* evidence of ownership is not only a charge upon the weight of evidence, but is erroneous as a legal proposition, in as much as, though evidence of ownership, it may be rebutted and overcome or destroyed by other evidence.

5. SAME.—Charge to the effect that if the yearling was branded on the side instead of on the hip the jury could not consider the record in determining the question of ownership was erroneous, but was favorable to the defendant. The record in such condition, while insufficient evidence of ownership, tended in some degree to establish ownership, and was entitled to be considered in connection with other evidence (if any) on the question. See the statement of the case for a special charge, which, embodying the law on the question, should have been given.

6. SAME—VERDICT which finds the defendant "guity," etc., will not support a judgment, nor is it competent to explain by evidence that the jury intended to find the defendant guilty and that the word " guity" was intended for the word "guilty."

APPEAL from District Court of Falls. Tried below before the Hon. Eugene Williams.

The conviction in this case was for receiving a stolen yearling, the property of Jacob W. Morris, knowing it to be stolen property, and the penalty assessed against the appellant was a term of two years in the penitentiary.

This is the companion case of that of Gaither v. The State, which will be found reported in full in the twenty-first volume of these Reports, beginning on page 527. The conviction was had upon substantially the same evidence, Gaither testifying on the trial of this defendant in substance as the defendant testified on the trial of Gaither.

The motion for new trial raised the questions discussed in the opinion.

*Oltorf & Harlan,* and *Alexander, Winter & Dickinson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. There are two counts in the indictment, the first charging theft, and the second receiving stolen property, knowing the same to have been stolen. Defendant was found guilty upon the second count.

I. It seems from the evidence that defendant received the yearling described in the indictment from one W. N. Johnson. At the same time he received this yearling he, together with one Gaither, received from said Johnson two other yearlings. It is quite clear from the evidence that these three yearlings were stolen property at the time the defendant and Gaither came into possession of them. Each of the yearlings, when found in the possession of defendant and Gaither, had been rebranded ; that is, new and different brands had been placed upon them, covering and changing the old brands. Defendant and Gaither sold these three yearling at the same time to one Laprelle, in whose possession they were found by the owners and reclaimed.

Defendant objected to all the testimony in relation to the two yearlings not mentioned in the indictment, he being charged with respect to only one of said animals. His objections were overruled and he excepted. We are of the opinion that said tes· timony was properly admitted for the purpose of proving a fraudulent intent on the part of defendant with respect to the yearling named in the indictment, and knowledge on his part at the time he received said yearling that it was stolen property. (Holmes v. The State, 20 Texas Ct. App., 509 ; Kelley v. The State, 18 Texas Ct. App., 262.) The jury were instructed by the court that this testimony could not be considered by them as any evidence that defendant or said W. N. Johnson took said yearling from the possession of the owner thereof. This instruction, under the facts of this case, was a proper and sufficient limitation and explanation of the purpose and legal bearing of said testimony.

II. The fact that W. N. Johnson, prior to the time it is claimed he sold the yearlings to defendant and Gaither, claimed

the same as his property and bargained them to another party would tend to show that defendant's subsequent connection with the yearlings was in good faith, believing said yearlings to be the property of said Johnson. However remote or weak such testimony might be, it would nevertheless disclose a circumstance favorable to the defendant, and he was entitled to have it considered by the jury. It was not hearsay evidence within the rule excluding that character of evidence. It was evidence of an independent fact; of acts of a third party with reference to the identical property in question, and was original and primary. We think the court erred in rejecting it.

III. It was proved that the animal in question was branded on the side. Over the objections of the defendant, the prosecution was permitted to read in evidence the record of the brand of the alleged owner of said animal, which record designated the left hip as the part of the animal upon which said brand should be placed. It is insisted by counsel for defendant that said record was not evidence to prove ownership of the animal in question in the owner of said brand, because said animal was not branded with said brand on the *left hip*, but on a different part of its body from that designated in the record, to wit, on the side.

Article 783 of the Penal Code makes it a misdemeanor for the clerk of the county court to record a brand when the person having the same recorded fails to designate the part of the animal upon which the same is to be placed. This article was extracted from the Act of March 23, 1874. (Gen. Laws, Fourteenth Leg., p. 45, sec. 42.) Section 20 of that act required the party having a brand recorded to designate the part of the animal upon which the brand should be placed, but that section was omitted from the Revised Statutes. (Rev. Stats., 4556.) It is plain, however, from Article 783 of the Penal Code, that the record of the brand, to be legal, must designate the part of the animal upon which it is to be placed.

In the case before us the record complies with the law, and is a legal record. Being legal, it is evidence of ownership. It was admissible in evidence, notwithstanding the animal in question was branded with said brand upon the side instead of the left hip. The variance between the place of the brand on the animal and that designated in the record for said brand to be placed, does not destroy the admissibility of the record as evidence of ownership. It merely impairs the probative force of the record.

In such case, the record alone, unsupported by other evidence, is not sufficient proof of ownership. (Priesmuth v. The State, 1 Texas Ct. App. 481.) But it is nevertheless admissible, and a variance between it and the brand upon the animal might be explained by other evidence.

In this connection we will refer to what we consider errors in the charge of the court upon the subject of the brand. The jury are told in the charge that a recorded brand is *conclusive* evidence of ownership. This is not only a charge upon the weight of evidence, but it is not a correct proposition of law. We know of no rule of evidence which makes a recorded brand *conclusive* evidence of ownership. It is evidence of ownership, but, like any other evidence, may be rebutted, destroyed and overcome by other evidence.

Again, the jury are told that if the yearling was branded on the side, instead of on the left hip, they could not consider the record of the brand in determining the ownership of the animal. This we think was error, but it was favorable to the defendant. While the record of the brand, under this state of the case, was not sufficient to prove ownership, still it was evidence tending to do so, and was entitled to consideration by the jury in connection with other (if any) evidence of ownership. The special instruction upon this subject requested by defendant embodied the correct rules applicable to the facts, and should have been given.

IV. We have considered other objections made to the charge of the court, but we perceive no other error therein than those we have mentioned. In all other particulars, we think the charge is full, fair and correct.

V. The verdict is insufficient to support the judgment and sentence. It does not find the defendant "guilty." It reads: "We the jury find the defendant Mark Harwell, *guity*," etc. (Wilson v. The State, 12 Texas Ct. App., 481; Taylor v. The State, 5 Texas Ct. App., 569.) It was not competent to explain by evidence that the jury meant by said verdict to find the defendant *guilty*, and that the word *guity* was intended for the word *guilty*. (Shaw v. The State, 2 Texas Ct. App., 487.)

Because of the errors mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*