### Worth Johnson v. The State.

No. 219.    Decided December 22, 1909.

**1.—Burglary—Evidence—Invoice—Identification.**

Where, upon trial for burglary, the question of the identification of the alleged stolen goods was an issue, and the State sought by a process of exclusion to find out what goods were unaccounted for and probably stolen, partly by the original invoice of said goods, and there was no showing that this invoice in writing was inaccessible or lost, it was reversible error to permit the State to prove up said invoice orally over defendant's objection. Following Jacobs v. State, 42 Texas Crim. Rep., 353; 59 S. W. Rep., 1111, and other cases.

**2.—Same—Evidence—Immaterial Testimony—Other Offenses.**

Upon trial for burglary with intent to commit theft, where proof had been introduced of certain drygoods alleged to be stolen from the alleged burglarized

house, it was reversible error to admit testimony that some two weeks after the alleged possession of said stolen property was discovered that the defendant had been seen with a large grip which would hold several suits of clothes, and that, upon being asked what he had in the grip, he replied that they were old clothes to have washed, defendant not having testified. Following Hill v. State, 44 Texas Crim. Rep., 603, and other cases.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. B. Mock,* for appellant.—On question of the illegal admission of evidence: Bismarck v. State, 45 Texas Crim. Rep., 54, 73 S. W. Rep., 965, and authorities cited in opinion. On question of introducing oral testimony of invoice: Cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appeal in this case is prosecuted from a judgment of conviction on a charge of burglary had in the District Court of Hunt County at the April term of this year, in which appellant's punishment was assessed at confinement in the penitentiary for a period of two years.

The facts in the case are almost identical with those against the same defendant in a case recently decided by this court wherein he was charged with the offense of theft. A great many questions are raised and many grounds relied upon for a reversal. Many of these will not arise on another trial and need not now be noticed. All the evidence in the case practically, without exception, indicated that the property had been taken some time before the first of March of this year. The testimony of Minnie Smith, Solomon and Clymon tended to show that about the first of March appellant was in possession of a considerable quantity of merchandise, consisting, among other things of six suits of men's clothing, three ladies' skirts, a pair of Dorothy Dodd ladies' shoes, some ties, hose, suspenders and sundry other articles. It was shown by the testimony of the Smith woman that some of the clothing had McBride's mark on them. The indictment charged a burglary with intent to commit theft. The testimony of the Smith woman, for obvious reasons, was to some extent discredited and it became important for the State to show and it undertook to show by other evidence, the loss of goods belonging to McBride similar to those alleged to have been stolen, and that such goods were found in the possession of appellant under circumstances tending strongly to show that he had obtained same by and through his breaking into the house in which McBride was doing business. The evidence of

McBride and his clerks tended to show that there were two suits of clothing and two ladies' skirts missing from his stock very similar in character to those shown to have been in possession of appellant.

While on the stand the witness J. A. McMurtray was permitted to testify that he had examined the invoices of goods received and found that fifty-five suits of the $20 value had been received. That he had examined the tickets of sales and found that fourteen of said suits had been sold, and that there were now thirty-nine of said suits in stock and two of same could not be accounted for. In line with this effort on the part of the State, the witness Mrs. Kennedy was produced, who testified that she examined the invoices of goods received and found that nine skirts of the $8 value had been received. That she had examined the tickets of sales and found that one of said skirts had been sold, and that there were now seven of said skirts in stock and one of same could not be accounted for. To the testimony sought to be proven by McMurtray objection was made as to the number of suits received and the number sold, because the evidence of the witness shows that he was testifying, not of his own information, but from information received by an examination of written instruments, to wit: the invoices and tickets, and the same are not shown to have been lost or destroyed, and are the best evidence, and the evidence of the witness shows on its face that it is not the best evidence as to the subject of his testimony in respect to these matters. A similar objection was made in respect to the testimony of Mrs. Kennedy in reference to the skirts. The bill of exceptions evidencing the action of the court touching the evidence of McMurtray is approved with the statement that the tickets were afterwards produced and admitted in evidence. The court also qualifies the bill of exceptions with reference to the evidence of Mrs. Kennedy with the statement that the tickets were afterwards produced and admitted in evidence. The invoices referred to by these witnesses, however, upon which of necessity their testimony was largely based, were not produced, and neither of these witnesses undertook to testify with reference to their personal knowledge of either the number of goods received or the number sold, and it is evident by a process of exclusion they were undertaking to show how many suits of clothes and how many dress skirts were unaccounted for, and, therefore, probably, if not certainly, stolen. It became important, therefore, that the invoices should be produced. There was no showing that they were lost or inaccessible. The objection was timely made that they were the best evidence of the number of articles received and the number sold, and there can be no doubt that this objection was well taken. It is elementary that where the contents of a written instrument are to be given in evidence that same must be produced or its loss or destruction accounted for. A very similar question came before

this court in the case of Jacobs v. State, 42 Texas Crim. Rep., 253, 59 S. W. Rep., 1111, where Judge Brooks, speaking for the court, uses this language: "Bill No. 45 complains that the court permitted F. C. Connor to testify for the State, over appellant's objection, as to what the Southern Shoe Company owed appellant, because said evidence was not the best evidence; the witness having stated he derived his information from the books of the company. Appellant insisted that the books were the proper and best evidence of what they might contain, there being no evidence of their destruction, or that they could not be produced. It is a general rule, recognized by the courts, that the best evidence is required that can be obtained. The rule, however, excludes that evidence which itself indicates the existence of original information. Inferior proof can not be resorted to until it is shown to be impossible to procure the best evidence. 1 Greenl. Ev., 126; Wyers v. State, 13 Texas Crim. App., 57; Hunter v. Same, Id., 16. The bill showing that the witness Connor was testifying from his remembrance of the books of the Southern Shoe Company, there should have been some predicate laid for the introduction of his testimony in lieu of the books, i. e., it should have been shown that the books were lost or destroyed; otherwise the books, being the best evidence, should have been introduced as evidence." To the same effect is the case of Johnson v. State, 42 Texas Crim. Rep., 440, 60 S. W. Rep., 667. That was a case of burglary, and it became important to show the contents of the burglarized car. In connection with this matter, Judge Davidson, speaking for the court, says: "Over appellant's objections the court permitted the railroad agent to testify from a memorandum made by himself from the bill of lading, soon after the alleged burglary, as to the contents of the burglarized car. The contention is that the bill of lading is the best evidence, and the employe ought not to be permitted to testify to the contents of the bill of lading, it being secondary evidence; that the bill of lading itself ought to have been introduced in evidence, and the court was requested to have said bill of lading brought in, instead of permitting the witness to testify from his pencil memorandum made therefrom. This was overruled, and the witness permitted to testify as to the contents of the car as per the memorandum. This objection should have been sustained." Numerous authorities are cited in Green's Digest, Title Criminal Law, articles 309, 310 and 311, where the substance of the rule here laid down is illustrated and enforced.

2. On the trial the State introduced one Howery, who testified that he was an employe of the same telephone company as defendant was during the month of March, and that on March 15, 1909, he saw appellant coming out of the work room in which was located the wire screen partition between it and McBride's store with a

large work grip, which could hold several suits of clothes, in his hand and that it looked like it was full; that he asked appellant what he had in the grip and appellant replied, "Old clothes to have washed." This testimony was objected to because the incident occurred two weeks after the alleged possession of the stolen property was discovered in Dallas and same is immaterial and irrelevant to any issue in the case and constitutes evidence of the commission of another offense than that for which appellant is being tried, and in view of the fact that appellant had not become a witness in his own behalf, and, therefore, neither his character nor credibility were in issue and there was no attempt by the State to show system, this evidence was both inadmissible and highly prejudicial to the rights of appellant and calculated to inflame the minds of the jury against him. We think these objections substantially are good, and that this testimony should not be admitted. It relates to an occurrence some two weeks after the date of the crime charged, and when, if at all, same was committed, and its admission would be but the proof of other and extraneous crimes. The authorities on this question are uniform and sustain appellant's position. Hill v. State, 44 Texas Crim. Rep., 603; Denton, 42 Texas Crim. Rep., 427.

3. The other matters raised on the appeal are not such as are likely to occur on another trial, and need not, therefore, be discussed. For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*