GUY RICHARDSON v. THE STATE.

No. 15936.   Delivered May 17, 1933.
Rehearing Denied June 21, 1933.
Reported in 61 S. W. (2d) 514

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

A car was stolen in Brownwood, Texas, from Mr. Agnew on the night of June 26, 1931. It was recovered in September, 1931, in Hamilton county. The motor number had been changed. Mr. Moore testified that on July 2, 1931, appellant came to the place of business of witness in Reagan county, in a car which he then traded to witness in consideration of $100.00 in money, and the settlement of an account of $50.00 owed to witness by appellant and his brother-in-law, Joe Mayfield, who was with appellant at the time. Appellant told witness he had a car that he would let him have. Witness stated to appellant that, if the car was in the clear and he could get a bill of sale and transfer, he would take the car. Witness said he and appellant drove the car, came to an agreement on the terms stated; that he paid appellant $50.00 on the trade, and put the car in a garage. He further testified that during that conversation appellant told him that the papers on the car were in possession of his wife in Brownwood, and that she would mail them to witness. Further he said appellant told witness he got the car as a down payment on a trade-in of his shoe shop.

After appellant left, witness examined the motor number on the car and made note of it. Two or three days later appellant came back with the papers transferring the car and witness compared the motor number on same. with the motor number which he had taken from the car in question and observed that they were different. He called appellant's attention to this. Appellant said he "would call that fellow up and get it straightened up." He went out, notwithstanding there was a telephone where the parties were. He came back in a few minutes and said the man was out of town; that he would take the papers and straighten them out. About noon on the 7th of July appellant came back and said he had failed to get the papers straight-

ened out, and would repossess the car and pay witness back his money, which he did. Witness did not see the car after this until he later saw it in possession of Mr. Agnew in Brownwood.

As far as the facts in this record go, said car was next seen, after the falling through of the trade between Moore and appellant, behind a barn at the home of appellant's father in Hamilton county, where witness Maddox said he first saw it covered up with a sheet. This witness said after remaining at Mr. Richardson's some four weeks the car was brought to his garage at Olin, where it stayed some four weeks and until the sheriff of that county and Mr. Agnew came and got it. How the car got to Mr. Richardson's is not shown by the testimony.

There were two counts in the indictment, one charging theft of a car, the other the receiving and concealing of same after it had been stolen by one Joe Mayfield. The verdict found appellant guilty of the latter offense.

There was no error in admitting the statement of Mr. Agnew, the owner of the stolen car, that he thought he was reasonably well acquainted with the cash market value of said car when stolen, and that it was $150.00. Both appellant and Mr. Moore, the man to whom appellant bargained to trade said car, testified that this was the value agreed upon by them in their trade for the car.

We see nothing tangible in the complaints in bills of exception Nos. 2, 3 and 4. Mr. Agnew was permitted to testify that he identified the car found in Hamilton county as his by reason of certain peculiarities observed on same; and the fact that "he and his family had used it for some time," was provable in support of Agnew's assertion that he knew and could identify the car. Every man's claim of ownership of a particular piece of physical property is, in a sense, his personal opinion.

Bill of exception No. 6 sets out that, while appellant's witness Tate was on the stand testifying to appellant's good reputation, he was asked on redirect examination by appellant's attorney a question, which is not set out, but it does appear from the bill of exception that the State's attorney said: "It is their own witness (referring to Tate) and for them to suggest that they have not heard it questioned, it is leading and objectionable from several standpoints. For counsel to put these remarks into the witness' mouth, and we object to it. It is his own witness." The trial court then said: "It is not a proper question to have been asked under any circumstances, but proceed to question this witness." This remark of the court was excepted to by appellant as a comment on the weight of the

testimony, as improper, and prejudicial to the rights of appellant, and in effect telling the jury that the testimony of Tate was not legal or was such as could be considered. We have carefully considered this bill, and find ourselves unable to agree with appellant either as to the possible injury or the effect of the remark of the state's attorney. Taking for granted, in the absence of any showing to the contrary, that the question asked by appellant's attorney was as stated by the attorney for the state, we see no error in sustaining the state's objection. We do not think the language used by the trial court such as would call for a reversal.

Bill No. 7 complains of the rejection of testimony as to statements made by Joe Mayfield some weeks after the loss of the car, to the effect that he had left his car in Hamilton county. The testimony was clearly hearsay. The testimony of Elliott and Watkins that one Bell tried to sell them a car about June 26th, which appellant "contended was the same car which the State contended appellant attempted to sell Moore," and that when Bell tried to sell such car Joe Mayfield was with him,— would not seem material, or in any way to disprove or overcome the state's theory that Mayfield stole the car and disposed of it to appellant, who then attempted to sell it to Moore, claiming it as his own. See bills of exception 8, 9 and 10.

The matters complained of in bill of exception 11 were competent. The questions asked were pertinent to the issue of appellant's theft of the car, which was charged in count No. 1 of the indictment. We fail to see the relevance of the matters set out in bill of exception 12, objection to which was sustained. There is also a bill of exception containing and setting out exceptions taken to the court's charge, none of which present error.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we committed error in disposing of his bill of exception number six. We are in complete accord with the position of counsel for appellant that it is a splendid index of one's good reputation that his conduct has never been such as to cause discussion of it. We find nothing in our original opinion intimating to the contrary. Bill of exception number six recites that a witness: "* * * had testified that the defendant's reputation for honesty and integrity was good and on cross examination by the State testified that

he had never heard it discussed much either way, then upon re-direct examination by the defendant's counsel testified that he had never heard the defendant's reputation questioned up to the time of the alleged offense, then be it remembered that the district attorney at this juncture stated in the presence and hearing of the jury and the following proceedings were had: Mr. South: It is their own witness (referring to Tate) and for them to suggest that they had not heard it questioned, it is leading and objectionable from several standpoints. For counsel to put these remarks into the witness' mouth, and we object to it. It is his own witness. The Court: It is not a proper question to have been asked under any circumstances, but proceed to question this witness."

Appellant construed the court's remark to be a comment on the weight of the evidence. We are not able to so view it. From the language of the district attorney we do not understand he was objecting to the evidence which was elicited, but was complaining of the form of the question by which it was developed. The question to which the district attorney and the court referred is not shown in the bill. We gather that the trial judge also thought the form of the question objectionable because he said so. Whether he was right or wrong, it is impossible for us to know in the absence of the question over which the incident arose. In McCullar v. State, 36 S. W., 585, upon which appellant relies, the statement of the court was not directed to the form of the question, but was a direct comment on the weight of the evidence. The same is true regarding other cases cited by appellant in his motion for rehearing, viz: Mahaney v. State, 95 Texas Crim. Rep., 443, 254 S. W., 946; Blumenthal v. State, 98 Texas Crim. Rep., 601, 267 S. W., 727; Ables v. State, 103 Texas Crim. Rep., 456, 281 S. W., 858; Ariola v. State, 105 Texas Crim. Rep., 563, 289 S. W., 385; Melton v.. State (Texas Crim. App.), 124 S. W., 910. We are unable to construe the court's remark as a comment on the evidence.

Appellant also insists that we were in error in not sustaining his complaint shown by bills of exception numbers eight, nine and ten. From said bills it appears that appellant was offering to prove that, after the car was stolen and before appellant was shown to have had any connection with it, a party by the name of Bell, in company with Joe Mayfield, was offering the car for sale in another county. If appellant had been convicted for theft of the car, the exclusion of the proposed testimony would, in the writer's mind, have presented a serious question. Both the count charging theft and the one charging receiving and

concealing the car were submitted to the jury, which found appellant guilty under the latter count. Evidence of the offer by Bell to sell the car, appellant not being present at the time, had some bearing on the question of whether appellant was the probable thief, but he was acquitted of theft. We are unable to see in what manner the proposed testimony could throw any light on appellant's subsequent connection with the stolen car. It would seem immaterial to show that at a prior time other parties had made an effort to dispose of the car. The issue was whether appellant's connection with it was such as to characterize him as a receiver or concealer of it, knowing it to have been stolen.

Believing the case to have been properly disposed of originally, appellant's motion for rehearing is overruled.

*Overruled.*