MIKE PALERMO V. THE STATE.

No. 17502. Delivered April 10, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Abner L. Lewis,* of Houston *(King C. Haynie,* of Houston, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

On the 18th of May, 1934, Harry Nini had an automobile belonging to Pat M. Thomas in his custody and control. The car had a market value of $225. Nini parked said car on Travis between Capitol and Rusk Streets in the City of Houston at 7:30 p. m. When he returned it was gone. It was recovered from appellant's possession about six months after it had been stolen. Appellant testified that he bought the car from O. E. Johnson, giving him therefor $75 in cash and a Ford automobile of the value of $50. Testifying for the State, Johnson admitted that he had given appellant a bill of sale to the car. He said that he had repaired the car for appellant, and appellant had agreed if he would execute a bill of sale to him for the car he would go to a loan company and secure the money with which to pay for the repairs. He testified, further, that appellant gave him a Ford automobile but had not paid him any cash. Again, he testified that when he first saw the car in May, 1934, it was on Hamilton Street and headed towards Texas Avenue; that appellant told him that he had driven it some 22 miles into Houston; that he had no oil and the car had become damaged. It appears that the engine number on the car had been changed. Johnson testified, further, that the reason appellant did not secure a loan on the car was because it was finally agreed that appellant would give him his Ford car to pay for the repairs. Johnson was arrested in connection with the theft of the car. He went before the grand jury and testified, and was not indicted. A grand juror testified that at the time the

indictment was returned they did not know from whom appellant received the car.

Appellant contends that the allegation as to ownership was not supported by the proof, in that it appeared that Pat M. Thomas was the owner of the car, whereas it was alleged in the indictment that Harry Nini was the owner thereof. We think the circumstances under which Nini had possession of the car at the time it was stolen warranted the conclusion that he had the actual control, care and management thereof. Hence it was proper to allege ownership and possession in him. Branch's Annotated Penal Code, sec. 2440.

Appellant contends that the State failed to show the exercise of diligence in determining the name of the party from whom it was alleged he received the stolen property. We find nothing in the evidence to suggest that the grand jury might have ascertained the name of said person. Johnson was before the grand jury and was apparently exonerated of any criminal connection with the transaction. It is the rule that if there is nothing in the evidence in the trial to suggest that the grand jury might, by the use of dilegence, have ascertained the name of the party from whom the property was received, proof that they did not know such name is sufficient to sustain the allegation that same was unknown. Branch's Annotated Penal Code, sec. 2444; Wright v. State, 45 S. W., 1016.

We think appellant's contention that the evidence is insufficient to show that he knowingly received stolen property cannot be sustained. If appellant's contention that he received the property from Johnson was believed by the jury, the fact that he paid Johnson a price one hundred dollars less than the market value of the car, together with the other circumstances in the case, would warrant the conclusion that he knew the property had been stolen.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that the testimony did not demonstrate the use of any diligence on the part of the grand jury to ascertain the name of the party from whom it is alleged appellant received the alleged stolen

property, for the receiving of which he stands convicted in this case. Neither our statute nor the authorities hold that it is necessary for the evidence to so show, and unless there be an issue made by the accused in the development of the case upon this proposition, and it be shown that reasonable diligence was not in fact used, we would not feel called upon to reverse the case, when the evidence showed, as in this case, that the grand jury did not know the name of such party. The grand juror Luck testified in positive terms in this case that the grand jury did not know the name of the party from whom appellant received the car. Neither by the introduction of any testimony, nor by a special charge seeking to have the jury so told, nor by exception to the charge of the court as given, did appellant present, or seek to have passed upon,—the issue of the diligence used by the grand jury in this regard. See McCarty v. State, 36 Texas Crim. Rep., 135; Link v. State, 73 Texas Crim. Rep., 85. In the case of Martin v. State, 189 S. W., 262, cited in appellant's motion, the question of diligence used by the grand jury was made an issue in the case.

Appellant raises the question as to the sufficiency of the testimony to show him guilty of receiving and concealing the automobile in question. There is no doubt from the facts but that appellant was found in possession of a car which had been theretofore stolen. He claims to have bought it from a man named Johnson. Johnson testified denying this claim. That appellant either stole the car himself or got it from some other person after it had been stolen, is not disputed.

We do not find in the record any exception to the charge given, or any special charge requested seeking to have the jury determine as between the two offenses charged in separate counts in the indictment,—both of which were submitted to the jury,—further than the fact that the court submitted both counts and told the jury to find appellant guilty of theft if the facts established such offense, and if the jury found from the facts that appellant was not guilty of theft, but believed from the facts in the case that he was guilty of receiving and concealing stolen property, they might find him guilty of that offense. The verdict of the jury reflects their judgment upon the matters thus submitted. We are not able to say that there are no facts in the case justifying the jury in their conclusion, and supporting the conviction of receiving and concealing stolen property.

The motion for rehearing is overruled.

*Overruled.*