# OCTOBER 21, 1936

### R. L. ARMSTRONG V. THE STATE.

No. 18385. Delivered June 10, 1936.
State's Rehearing Denied October 21, 1936.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*A. O. Newman,* District Attorney, of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

A Ford V-8 coupe was stolen from S. S. Thomas on the 8th of July, 1934. The proof on the part of the State was to the effect that Shelby Walker and an unidentified man committed the theft. On the 13th of April, 1935, officers found the stolen automobile in the possession of appellant. When they took it in charge appellant exhibited a bill of sale dated March 23, 1935, showing that D. O. Johnson transferred said automobile to him. He also exhibited a bill of sale bearing date March 13, 1935, which showed that James Akins had transferred the same car to D. O. Johnson. The State introduced expert witnesses who testified that, in their opinion, the two bills of sale had been signed by the same party. A notary public testified that a man who introduced himself as D. O. Johnson had her to take the affidavit to the bill of sale to appellant. Her testimony was to the effect that said party was not appellant. The proof was also to the effect that two parties who introduced themselves as James Akins and D. O. Johnson appeared before a notary public in Eastland County on March 13, 1935, and that Akins executed a bill of sale to the car to Johnson. A witness for the State testified that in January, 1935, appellant offered him fifty dollars to change the number of his automobile, saying that same did not correspond with his bill of sale. He refused to change it. Further, there was testimony from witnesses for the State that in the fall of 1934 they saw appellant driving a car suiting the description of the stolen car. The motor number on the stolen car had been changed.

Appellant did not testify.

It is shown in bill of exception No. 2 that appellant introduced C. C. Smith, who testified that in March, 1935, he saw appellant in an automobile with a man who said his name was Johnson; that the car in which said parties were riding was a V-8 Ford coupe; that it looked like the same car he later saw appellant driving. Appellant also offered to prove by said witness that on the occasion mentioned Johnson told appellant that he wanted to sell the car for three hundred fifty dollars cash; that it was well worth the money; that he would guarantee it to give good service; that he had recently bought it

from James Akins; that he had had the motor checked recently and that same was in a good state of repair. We think the court fell into error in rejecting said proof, as it tended to show that appellant received the automobile in good faith, believing that it was the property of Johnson. In Harwell v. State, 2 S. W., 606, the conviction was for receiving stolen property. In concluding that testimony similar to that shown here was admissible, this court said:

"The fact that W. N. Johnson, prior to the time it is claimed he sold the yearlings to defendant and Gaither, claimed the same as his property, and bargained them to another party, would tend to show that defendant's subsequent connection with the yearlings was in good faith, believing said yearlings to be the property of said Johnson. However remote or weak such testimony may be, it would nevertheless disclose a circumstance favorable to the defendant, and he was entitled to have it considered by the jury. It was not hearsay evidence, within the rule excluding that character of evidence. It was evidence of an independent fact; of acts of a third party with reference to the identical property in question, and was original and primary. We think the court erred in rejecting it."

It might be added that it was the theory of the State that Johnson was a fictitious person. Several witnesses testified that they had made a search for Johnson and Akins and were unable to find them. It has already been observed that handwriting experts testified that, in their opinion, the same person executed the two bills of sale we have heretofore mentioned. Not only did the rejected testimony tend to show that appellant received the property in good faith, but it also tended to show that Johnson was not a fictitious person.

One of the bills of exception relates to the action of the court in rejecting testimony of a witness to the effect that in March, 1935, he had seen a man who introduced himself as Johnson; that he was endeavoring to sell a Ford coupe in the town of Wink, Texas, for three hundred fifty dollars; that he tried to trade with Johnson but he (Johnson) would not accept his second-hand car. Other bills of exception are concerned with testimony of the same nature. We think this testimony was admissible under the holding in Harwell v. State, supra.

It was alleged in the indictment that the name of the person from whom appellant received the automobile was unknown to the grand jurors. The State introduced no proof in support of said allegation. We understand the rule to be as stated in Palermo v. State, 82 S. W. (2d) 960. We quote:

"It is the rule that if there is nothing in the evidence in the trial to suggest that the grand jury might, by the use of diligence, have ascertained the name of the party from whom the property was received, proof that they did not know such name is sufficient to sustain the allegation that same was unknown. Branch's Annotated Penal Code, section 2444; Wright v. State (Texas Crim. App.), 45 S. W., 1016."

Upon another trial testimony should be introduced in support of the allegation that the name was unknown.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing urging that the case of Richardson v. State, 124 Texas Crim. Rep., 268, 61 S. W. (2d) 514, is controlling and that Harwell v. State, 2 S. W., 606, cited in our original opinion was in effect overruled by Richardson's case. We think the facts distinguish the cases. It is true the conviction in both cases was for receiving and concealing stolen property. In the Richardson case he was attempted to prove that one Bell had offered to sell the stolen property, it not being shown that Bell had any connection therewith save that he was in the presence of the party alleged to have been the thief when the offer to sell was made, accused being absent. It was suggested that if accused had been convicted of theft the exclusion of the testimony might have been erroneous because it would have shown the exercise of ownership by someone other than accused. As we understand the facts of the present case appellant was defending on the ground that he had bought the car in good faith from Johnson, who claimed to have purchased it from Akins, and that he received from Johnson the Akins bill of sale at the same time Johnson delivered his bill of sale to appellant. Of course the State controverted the truth of this, and claimed that both Johnson and Akins were fictitious persons, but as supporting appellant's side of the issue we are of opinion that what Johnson said to appellant about the car could be shown by the witness who heard it as well as by appellant himself had he testified. As tending to support the theory of purchase we are also of opinion that appellant could show that prior to

appellant's claimed purchase, and about the same time, Johnson had been offering the car for sale to other parties.

Believing the case was properly decided originally, the State's motion for rehearing is overruled.

*Overruled.*