CARL EDWARD ABSTON V. STATE.

No. 25,936. June 28, 1952.

Hon. James G. Denton, Judge Presiding.

*E. A. Blair,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully transporting whisky in a dry area; the punishment, a fine of $400 and three months in jail.

Peace officers were engaged in searching what is referred to as a "travel bureau" in Lubbock County, a dry area. Appellant appeared and, seeing the officers, went to an automobile nearby, grabbed a sack therefrom, and fled. An officer pursued. The officer testified that he saw appellant throw one pint of whisky and also the sack containing another pint to the ground, thereby breaking both pints of whisky.

It was upon this testimony that appellant was convicted of transporting whisky in a dry area.

In the development of its case in chief, the state proved as original testimony that about seven weeks prior to the offense charged, appellant sold to a liquor control agent a pint of whisky in Lubbock County and that a week thereafter he sold another pint of whisky to the same agent at the same place.

To this testimony appellant objected as being irrelevant, immaterial, and inflammatory because it was proving another and extraneous offense. The bill of exception presenting this matter shows that the testimony as to the sale of whisky was admitted by the trial court upon the theory that it tended to show intent. The bill of exception certifies, and the statement of facts shows, that appellant did not testify and that he offered no defensive testimony upon the trial of the case.

The offense of transporting intoxicating liquor in a dry area is not made to depend upon any special purpose or intent. The transportation is unlawful of and within itself. There being no testimony raising the issue of intent, such defensive theory did not arise under the facts.

No rule of law is perhaps more firmly fixed than that which says that an accused is entitled to be tried for the offense against him, and that proof of other and extraneous offenses is admissible only when it tends to solve some issue arising in the case. Branch's P. C., Sec. 166; Couch v. State, 155 Tex. Cr. R. 585, 238 S. W. 2d 198; Laird v. State, 155 Tex. Cr. R. 345, 242 S. W. 2d 374.

As pointed out, the sole issue before the jury in this case was whether appellant transported the whisky as alleged. No defense was urged thereto. Clearly, proof of the two unlawful sales of whisky by the appellant was inhibited under the rule stated. As supporting this conclusion, see Scroggins v. State, 133 Tex. Cr. R. 378, 111 S. W. 2d 273; Martin v. State, 151 Tex. Cr. R. 62, 204 S. W. 2d 627. Other authorities will be found collated under 11 Texas Digest, Criminal Law, Sec. 369(6).

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.