WILLIAM HARVEY WISE v. STATE.

No. 26,326. April 15, 1953.
State's Motion for Rehearing Denied May 27, 1953.

*Murray J. Howze,* Monahans, for appellant.

*Karl Cayton,* District Attorney, Lamesa. and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Automobile theft is the offense; the punishment, five years in the penitentiary.

About 3:30 or 4:00 o'clock, a. m., on Sunday, July 13, 1952, the pick-up truck of James Phillips was stolen from in front of his residence, where it was parked. Phillips heard the motor of the truck start and saw it being driven away. He immediately notified the officers of the theft. Within an hour or hour and a half thereafter appellant was arrested driving and in possession of the stolen truck.

Appellant did not testify, nor did he offer any affirmative defense.

The testimony showing appellant in the unexplained recent possession of the stolen property was ample and sufficient to warrant the jury's conclusion of guilt.

In the development of its case in chief, the state introduced testimony showing that about an hour and a half before the truck was stolen appellant was guilty of burglarizing a lumber company store managed by Brasfield. A city policeman saw appellant leaving the burglarized premises. Upon being called upon to stop, the appellant fled. The officer gave chase but appellant was able to effect his escape.

Appellant objected to the testimony showing his guilty participation in the burglary as being irrelevant, immaterial, prejudicial, and as proving the commission by him of another and extraneous offense.

The bill of exception presenting this matter reflects that the state offered the testimony to show the circumstances leading up to and surrounding the commission of the crime for which appellant was being tried.

There is perhaps no rule of law more firmly fixed in our jurisprudence than that which says that one accused of crime is to be tried for the offense charged and for none other. There is no offense known to the law as that of being a criminal generally, nor does the state have the right to try one for so being.

Proof, then, of the commission by the accused of other and extraneous crimes becomes admissible only as an exception to the rule stated.

Exceptions to the rule are recognized where the extraneous crime is a part of the res gestae, or tends to show intent when intent is an issue, or tends to connect defendant with the offense for which he is upon trial. Branch's P. C., Sec. 166, p. 98.

The facts must, of necessity, be looked to in determining whether exceptions exist which authorize proof of extraneous crimes.

Here, the burglary of the store was complete at the time appellant was discovered by the officer. The theft of the truck here involved did not occur until an hour or hour and a half after the appellant had been seen to leave the scene of the burglarized premises. Obviously, then, it cannot be said that the theft of the truck was a part of and, therefore, res gestae of the burglary.

There is an absence of any testimony that the stolen truck was in any manner used in effecting the burglary or in disposing of the loot taken therein.

The conclusion that the evidence was not admissible appears to be directly supported by the case of Daniel v. State, 152 Tex. Cr. R. 240, 212 S. W. 2d 636, wherein numerous cases are discussed, including that of Gray v. State, 77 Tex. Cr. R. 221, 178 S. W. 337.

The Daniel case was a conviction for theft by false pretext. In the development of its case in chief, the state proved appellant's guilt of theft of $241.40 from Ellen Harmon. Appellant made no defense to that offense. There was no issue of intent on his part. The state there proved that the accused attempted, by false pretext of the same character as that charged against him, to steal money from one Willie Mae White.

Except that in the Daniel case the other or extraneous offense was not shown as a complete offense but rested upon an attempt to commit that offense, the similarity of facts in the Daniel case and the instant case is apparent. The two offenses were of the same nature, both being theft.

In holding erroneous the proof of crime attempted by the accused in the Daniel case, we followed the rule announced in the Gray case, supra, where it was said:

"In a case of theft it must be shown that the property was taken with the intent to deprive the owner of its value and with the intent to appropriate such property to the use and benefit of the person taking same. But it is only necessary to prove that the property was taken, and that the accused took it and had it in his possession. Under such a state of facts our law presumes the intent to deprive the owner of the value of it, and the intent to appropriate it to the use of the taker, unless the evidence elicited on the trial raises the issue that it was taken under a claim of right, by mistake, or some other innocent motive, showing a lack of intent to take and appropriate another's property. If the evidence raises such an issue, then evidence of similar offenses is admissible to rebut this evidence of innocent intent. In those cases which hold other offenses admissible, it is shown that it is only in those cases where the evidence adduced on the trial raised the issue that there might be no guilty intent that evidence of other offenses became admissible, and for that reason. Gilbraith v. State, 41 Tex. 567; Long v. State, 11 Tex. App. 387; Davisson v. State, 12 Tex. App. 215; McCall v. State, 14 Tex. App. 362; Holmes v. State, 20 Tex. App. 518; Harwell v. State, 22 Tex. App. 253, 2 S. W. 606; Kelley v. State, 31 Tex. Cr. R. 211, 20 S. W. 365; Fielder v. State, 40 Tex. Cr. R. 184, 49 S. W. 376; Stanfield v. State, 43 Tex. Cr. R. 12, 62 S. W. 917; Lynne v. State, 53 Tex. Cr. R. 377, 111 S. W. 729. On the other hand, it seems to be the well-settled rule in this state, when the evidence adduced on the trial leaves no question as to intent of the accused in doing the act complained of, proof of other offenses, even though of similar character and kind, is not admissible on the issue of intent. Harris v. State, 55 Tex. Cr. R. 478, 117 S. W. 839; Davenport v. State, 49 Tex. Cr. R. 11, 89 S. W. 1077; Clark v. State, 59 Tex. Cr. R. 246, 128 S. W. 132, 29 L. R. A. (N. S.) 323; Bink v. State, 48 Tex. Cr. R. 598, 89 S. W. 1076; Johnson v. State, 57 Tex. Cr. R. 492, 123 S. W. 1105; Miller v. State, 59 Tex. Cr. R. 249, 128 S. W. 117."

The case of McGown v. State, 117 Tex. Cr. R. 74, 36 S. W. 2d 156, is also in point. In that case the state was permitted to prove the guilty participation of the accused in other burglaries committed the same night of the burglary for which the accused was upon trial. Proof of such other offenses was held to be error.

Other authorities may be cited, but we deem these sufficient.

The conclusion is expressed that under the rule and authorities stated, the trial court should not have permitted the state to prove appellant's guilt of burglary of the lumber company.

This conclusion renders unnecessary a discussion of the other matters upon which appellant relies, as they will not likely arise upon another trial.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

BELCHER, Judge.

We have again examined the record in the light of the state's motion for rehearing and we remain convinced that our original opinion properly disposed of this cause.

The state's motion for rehearing is overruled.

Opinion approved by the Court.