LEE MARTINEZ RODRIGUEZ V. STATE

No. 31,753.   June 25, 1960

State's Second Motion for Rehearing Overruled November 30, 1960

States Second Motion for Rehearing Overruled November 30, 1960

WOODLEY, Judge, dissented.

*Clyde W. Woody,* Houston 2, (on appeal only), for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Jack J. Rawitscher,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant's motion for rehearing is granted, the affirmance is set aside, the prior opinion in this case is withdrawn, and the following is substituted therefor:

This is a conviction for possessing marihuana, with punishment assessed at twenty-five years' confinement in the penitentiary.

Appellant was without and was unable to obtain counsel to represent him upon the trial of this case. At his request the trial court appointed an attorney to represent him.

After conviction and by motion for new trial, appellant challenged the adequacy and competency of the appointed counsel to protect him in his constitutional right to be represented by counsel upon the trial of the case.

Whether a licensed member of the bar, authorized to practice law in this state, is competent to do so or has adequately represented and protected the rights of a client is a matter upon which the courts are slow to express an opinion. However, when from the entire record it is apparent that the accused has not been adequately represented the courts should have no hesitancy in so saying.

Attention is called to the fact that this is not a case where the accused selected his own counsel and the counsel who represented him was of his own choosing. Here, it was the burden of the trial court to make the selection of counsel.

The rule touching the question of competency is stated in 14 Am. Jur., p. 888, Sec. 174, as follows:

"In appointing counsel the court should act in such a way that both the individual and the state will be impartially protected. It is the duty of the court to see that counsel is assigned *having sufficient ability and experience fairly to represent the defendant, to present his defense, and to protect his rights.* Where it appears that the rights of the accused were not properly safeguarded, a conviction should be reserved.".

Appointed counsel had never been employed to defend a felony case and had never represented an accused charged with a violation of the narcotic laws. His entire knowledge of the narcotic laws of this state had been gleaned from a reading "over right fast one day before the trial" Article 725 (b), (c) and (d), V.A.P.C., and the reading of one case decided by this court involving a violation of the first of such acts. Counsel, wishing to gain experience, had gone to the court requesting that he be appointed to represent some indigent accused and had in fact on one prior occasion been so appointed, but on that occasion the accused entered a plea of guilty. Counsel's other criminal practice had been limited to defending charges in the corporation court for using abusive language, negligent collision, and a very few other cases in which guilty pleas had been entered.

Counsel is to be commended for his frankness in admitting his limited experience and ability. Here is what he testifiied:

"Q. In your opinion do you feel you have sufficient experience in the field of narcotic cases to properly defend or sufficiently defend an individual charged with such an offense? A. No."

When we look to the trial of the case, we find the following:

1. That prior to the trial the representative of the state offered to recommend five years if appellant elected to plead guilty, that counsel mentioned "to him that morning before he entered his plea" that the jury would be more lenient than the prosecutor's recommendation, and a plea of not guilty was entered, which resulted in a verdict of 25 years.

2. Appellant was called to the stand to testify in his own behalf, which enabled the state to cross-examine him concerning a prior conviction, which would not have been admissible had appellant elected not to testify. In his testimony, he did not raise an affirmative defense but merely denied the truthfulness of a portion of the officer's testimony.

3. In answer to questions propounded by appellant's counsel, his wife testified that she had not noticed that he had been on dope during the last year. On cross-examination, she was questioned, without objection, about whether she had noticed fresh needle marks on his arm. We here observe that marihuana (the narcotic herein charged) is taken into the system by means of smoking, while other forms of narcotics are customarily injected subcutaneously. When appellant took the stand in his own behalf, he was required to roll up his sleeve and exhibit his arm to the jury. He was further required to tell the jury that the needle marks which appeared on his arms were scars which remained following a period of addiction with which he was afflicted in 1956. There can be no doubt as to the damaging effect of this occurrence. 18 Tex. Juris., Sec. 31; Abston v. State, 157 Tex. Cr. Rep. 500, 250 S.W. 2d 214; and Wise v. State, 158 Tex. Cr. Rep. 557, 258 S.W. 2d 328. The court did not err in admitting this testimony and requiring this demonstration, but the chain of events which made it admissible, when it would otherwise not have been, may be attributed *only* to counsel's lack of experience.

4. Appellant was questioned by his appointed counsel about whether or not he had been "suspected or questioned" by the police since his release from confinement on a prior charge, which question authorized the state to prove that appellant had

been arrested on the Friday prior to the trial. Clearly, this latter evidence, the damaging nature of which cannot be questioned, would not have been admissible had not his counsel asked the introductory question.

5. Appellant was questioned by his appointed counsel about an offer he had made to take the lie detector test. This dangerous question authorized proof by the state that appellant was offered the test but declined to take it, which would not otherwise have been admissible and which was clearly injurious to appellant's defense.

Viewing the case as an over all picture, we are constrained to conclude that equal justice under law would best be preserved and maintained by awarding this appellant another trial. In so concluding, we are not suggesting that any censure or blame is to be visited upon the trial court or upon the appointed counsel, for both were acting in entire good faith.

For the reason stated, the judgment is reversed and the cause is remanded.

#### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge, (dissenting).

I am in full accord with the proposition that in appointing counsel the court should act in such a way that both the defendant and the state will be impartially protected, and that the court should see that counsel assigned has sufficient ability and experience fairly to represent the defendant, to present his defense and to protect his rights.

I am also in full accord with the majority opinion which says that both the trial judge and appointed counsel acted in good faith and that no censure or blame is to be visited upon them.

Reversal is ordered upon the conclusion of the majority that the record shows that appointed counsel, who complied with his assignment to the best of his ability and in a manner that the majority find leaves him free of blame or censure, did not have sufficient ability and experience to represent his client, to present his defense and to protect his rights.

The majority opinion sets the qualifications of an attorney who performs the duty of representing an indigent accused for

the meager fee paid by the county, or without fee, at a higher standard than those necessary for such attorney to possess in order to represent clients who may engage his services and pay him an adequate fee. It sets the qualifications of an attorney representing an indigent accused charged with violating the uniform narcotic drug act at a higher minimum than an attorney representing an indigent client charged with rape, robbery or murder. It appears to relieve from the duty of representing indigent defendants charged with narcotic law violations lawyers who have not previously seen fit to accept employment from such defendants.

Above all, the majority conclude that the lawyer appointed was without sufficient ability to accept appointment to represent a defendant though he had been a practicing lawyer for four years and, under the Constitution of Texas was qualified to be the district judge whose duty it is to make such appointments.

It is apparent to me that the facts set out in the opinion are not proof that appointed counsel was not competent to represent his client. All of the matters pointed out appear to me to be matters upon which lawyers of experience are called to exercise judgment, and to follow trial techniques that sometimes prove to be detrimental rather than beneficial to their clients.

Appellant had counsel of his choice before and after the trial. Who can say that either would have done him greater service? He could have taken 5 years, but appellant said he was not guilty. He could have insisted that his client not take the stand and omitted to call his wife, but had he done so his conviction would no doubt have been affirmed.

I respectfully dissent.

WOODLEY, Judge, (dissenting). On State's Motion for Rehearing.

The majority overrule the State's motion for rehearing without written opinion, to which I dissent.

The conviction is not reversed because of any negligent handling or mismanagement of the defense by court-appointed counsel. The court appointed lawyer is absolved by the majority opinion from any blame or censure.

The trial judge is also absolved from any blame or censure,

hence it cannot be said that the reversal is because of any failure on his part to protect the rights of appellant from any apparent prejudicial mismanagement of the defense. The sole ground for reversal is the finding by the majority of this court that the trial judge appointed an attorney who was not competent.

Appellant was not shown to be "too poor to employ a counsel," hence the court was not required by Art. 494 V.A.C.C.P. to appoint an attorney to represent him. Appellant is a mature man. He had been married ten years and is the father of children. He was holding a job and was manager of a baseball team. He was not unfamiliar with courtroom procedure, having been previously convicted of a similar offense. His testimony reflects that he is not ignorant.

The court-appointed attorney had practiced law four years and was not inexperienced. If he was, inexperienced and incompetency of counsel are two different things. Neither or both are alone ground for reversal.