**COSTILLO v. STATE.   (No. 8448.)**

(Court of Criminal Appeals of Texas.   Oct. 22, 1924.   Rehearing Denied Dec. 3, 1924.)

**1. Criminal law ⬯742(1) — Uncontradicted testimony of defendant and relatives did not entitled defendant to directed verdict.**

In prosecution for unlawfully manufacturing liquor, uncontradicted testimony of defendant and his relatives, that the whisky was being manufactured for medicinal purposes, did not entitle defendant to directed verdict, in view of witnesses' interest in the matter on trial.

**2. Criminal law ⬯555 — Interest and bias properly considered in weighing testimony.**

The interest and bias of a witness is properly considered in weighing his testimony, in view of Vernon's Ann. Code, Cr. Proc. 1916, art. 786.

**3. Criminal law ⬯885—Refusal to authorize jury to recommend suspension of sentence of defendant above 25 years of age held not error.**

Refusal to give jury privilege of recommending suspension of sentence of defendant more than 25 years of age *held* not error.

Appeal from District Court, Milam County; John Watson, Judge.

Pedro Costillo was convicted of unlawfully manufacturing intoxicating liquor, and he appeals.   Affirmed.

Chambers, Wallace & Gillis, of Cameron, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.   The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence discloses that the appellant was in possession of equipment for making intoxicating liquor; that he had material from which it was made and some of the finished product in his possession; that he admitted that he had made intoxicating liquor.   He made exculpatory declarations to the effect that it was made for medicinal purposes, and introduced like testimony of members of his family.   The court submitted that issue to the jury in an appropriate charge prepared by counsel for the appellant.

[1, 2] Appellant contends that his testimony and that of his relatives, to the effect that the whisky was manufactured for medicinal purposes, is uncontroverted, and that, by reason thereof, the court should have instructed the jury to render a verdict of acquittal.   It may be conceded that the jury would not have the right to arbitrarily and capriciously disregard the testimony of a given fact within the knowledge of a disinterested, unimpeached, and uncontroverted witness; but it cannot be said that the testimony of the appellant and his relatives comes within the scope of this rule.   Their interest in the matter on trial is such as to leave their credibility for the decision of the jury.   See Ruling Case Law, vol. 28, p. 660, § 245.   The interest and bias of a witness is always a proper subject for consideration in weighing his testimony.   Ruling Case Law, vol. 28, p. 615, § 204.   This view, it is conceived, is supported by the statute.   See article 786, C. C. P., in which it is declared that the jury is to be the judge of the credibility of the witnesses and the weight to be given to their testimony.   Many applications of the rule will be found in Vernon's Tex. Crim. Stat., vol. 2, pp. 687 and 688.   In none of these have we found any expressions which would warrant a holding that under the record it was incumbent upon the court to instruct a verdict of acquittal.

[3] Complaint is made of the refusal of the court to instruct the jury that they had the privilege of recommending the suspension of the appellant's sentence.   He was above 25 years of age, and this court has heretofore declared in several instances that the suspended sentence was not available to the accused, whose age exceeded 25 years.

We have read the interesting brief of the appellant's counsel, in which he contends that the question should be reopened, and that the court should reverse itself upon the subject in hand.   We are constrained, however, to adhere to the previous announcement upon the subject.   See Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395.

The judgment is affirmed.

On Motion for Rehearing.

HAWKINS, J.   We have examined with interest appellant's motion for rehearing, and the able argument, both written and oral, presented by appellant's counsel, has received our careful consideration.   We regret that our views do not coincide with those entertained by counsel.

Believing the case was properly disposed of originally, the motion will be overruled.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes