Alex Bronikowski v. The State.

No. 8834.   Delivered April 8, 1925.

Rehearing denied, May 20, 1925.

**1.—Seduction—Continuance—Properly Refused.**

Where appellant asked for a continuance on account of the absence of his sister whose testimony as set out in his application, was not material, in the light of his own testimony it was properly refused.

**2 —Same—Evidence—Statements of Appellant—Properly Admitted.**

A conversation between appellant and prosecutrix shortly after the birth of her baby, at. her home, was properly admitted in evidence, as shedding light on the proposition of her seduction by him, under a promise of marriage.

**3.—Same—Evidence—Presence    of    Prosecutrix—During    Argument—Held Proper.**

There was no error in permitting prosecutrix to sit in the. court room in the presence of the jury with her child, and in permitting the State's counsel to refer to her and the child in his argument. it not being shown in the bill of exceptions that anything in reference to the resemblance of the child to appellant, or anything that could be regarded as out of the record was said.

**4.—Same—Argument of Counsel—Remarks Not Reversible Error.**

Unless the argument of counsel is evidently calculated to prejudice the case materially, objections to same will not be considered, unless a request is made to the court to instruct the jury not to consider same, and it is better practice to present a special charge covering the matter complained of.

Appeal from the District Court of Washington County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction for seduction; penalty, two years in the penitentiary.

The opinion states the case.

*B. F. Teague,* of Breham, for appellant.

*W. W. Searcy,* of Brenham, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Washington County of seduction, and his punishment fixed at two years in the penitentiary.

There is no dispute in the record of the fact that the prosecutrix was under twenty-five years of age, nor of the fact that appellant repeatedly had carnal knowledge of her, and the only question on the facts was as to whether he obtained such carnal knowledge by a promise to marry the girl. She testified positively that he did, averring that he met her and made love to her and that she loved him and relied upon his promise to marry her in surrendering her person to him. The mother of prosecutrix testified that the third day after the birth of the baby of prosecutrix appellant came to see her and that witness was in the room where appellant and prosecutrix were talking; that they talked about marrying, and appellant said he wanted prosecutrix to have the baby baptized and named in the surname of prosecutrix but after they were married he would have the baby's name changed to his name. She testified also that appellant had been going to see prosecutrix a long while before the date of the alleged intercourse and to his taking her to parties, dances, etc. Another witness testified that about the time appellant began going with prosecutrix she had a conversation with him in which she asked him why he brought prosecutrix to the dance where they were, in as much as he had been going with another girl, and his reply was that he "got it from Annie, and that was the reason he went after Annie. The witness said to him, "If you are doing like that you have to marry her," and that appellant replied he would marry her but he was afraid of Edna. This was in February 1923,—the alleged seduction having taken place in November 1922. Another witness testified that before Christmas in 1922 he was talking with appellant about prosecutrix and that appellant said he was the "first one to that girl." Witness said appellant meant by this that he was the first one who did anything to her, and also said that appellant told him his last time with her was about three and one-half

months before the conversation. It was shown that the reputation of prosecutrix for chastity was good prior to the trouble with appellant. Appellant took the stand in his own behalf and testified that he first had intercourse with prosecutrix on an occasion when she and her brother came down to the home of appellant and stayed until about 9:30 o'clock at night, and that he and his sister walked part of the way home with prosecutrix and her brother. He insisted that on this night prosecutrix begged him to have intercourse with her and he finally consented, and that afterward on several occasions he repeated the performance. On cross-examination appellant said that he went to the home of prosecutrix after the baby was born to see if prosecutrix wanted to marry him, and he testified that if she had said anything on that occasion he would have married her, and that he did not go back and marry her when she got well because she did not say anything. Asked as to his reason for wanting to marry her, he said it was because he did not want to have any trouble. Further in his cross-examination he said that he told prosecutrix and her mother that if she wanted to he was ready to marry her and that the girl did not say anything.

In our opinion these facts sufficiently corroborate the testimony of prosecutrix as to the fact of her intercourse with appellant upon his promise to marry her.

A bill of exceptions was reserved to the refusal of a continuance sought on account of the absence of the sister of appellant. We have examined the testimony set out in the application as expected from said sister and find in it nothing of any materiality in view of appellant's admission on the witness stand that he did have intercourse with prosecutrix on the night referred to in the expected testimony of the witness. Bill of exceptions No. 2 complains of the admission of the conversation had by appellant with prosecutrix when he visited her shortly after the birth of her baby. We think the entire conversation and all that was said by appellant on said occasion admissible as shedding light on the proposition of his wishing to marry her and intending to marry her and having secured carnal knowledge of her under promise to marry her.

Bill of exceptions No. 4 complains of the fact that during the argument of the case prosecutrix sat in the court room in view of the jury with her baby in her lap and that it was referrred to and pointed out by the State's attorney in his argument to the jury. It is insisted that this was indirectly putting the baby in evidence. We do not agree to the proposition. The girl had sworn that of her connection with appellant a child was born. This court has held that the mere holding of the child, alleged to be the result of the intercourse with the defendant, in the lap of prosecutrix, in the

presence of the jury, while she was testifying, was not reversible error. It is not shown in the bill of exceptions that State's counsel said anything in reference to the child or its resemblance or anything of that kind that could be regarded as out of the record.

Complaint is made by bill of exceptions No. 5 of remarks made in argument for the State to the effect that if boys were permitted to do as appellant has done and be acquitted, the homes and daughers of others would be endangered and their daughters would not be safe. No request was made either in writing or orally that the jury do not consider such remarks, and ordinarily unless the remarks are so evidently calculated to prejudice the case as to be without question along this line, we do not hold them reversible in the absence of requested instruction to the jury not to consider same.

The only remaining bill of exceptions was taken to the action of the court in overruling the motion for new trial, said motion not presenting any extraneous matters but merely made in the usual form complaining of things that transpired during the trial.

Finding no error in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a forcible motion for rehearing appellant insists that the court erred in overruling the application for continuance because of the absence of the sister of appellant. It is urged that her testimony, as stated in the application, went beyond the matters discussed by us in our opinion. Appellant claims that had she been present and testified, as stated in the application, "that the defendant had never gone with or visited the prosecutrix prior to that time", the time referred to being the night on which appellant admitted having intercourse with prosecutrix,—that this would have been very material to his defense. We regret that we cannot agree with counsel in regard to this matter. Such a statement in the application for continuance appears to us to be but a conclusion and an opinion which the witness would not be warranted in expressing on the witness stand, and which, if allowed, would have but little weight. Slight reflection would convince one that for appellant's sister to undertake to say that he had never gone with or visited the prosecutrix prior to a certain date, would manifestly be beyond her power to truthfully state. He was a man and she was a woman. He went his way and she hers, and for her to undertake to say that he never went to a certain place or with a certain person, would ordinarily be deemed beyond her ability and be but an opinion, the weight of which would depend upon such facts as she might state. We do not believe the

case should have been continued in order to allow said witness to state such opinion.

Appellant again urges that this is not a case of seduction because there appears in the testimony of prosecutrix some statements which to the mind of appellant support the conclusion that the carnal intercourse was had under circumstances which partook of the nature of barter and exchange and not of the yielding by a chaste woman of her person to her lover relying upon his promise to marry. It must be borne in mind that prosecutrix was a Polish girl testifying through an interpreter and that her expressions of her motives, feelings and purposes could not be put with that clarity and distinctness which otherwise might have appeared. The matter referred to appears in questions propounded to her as to what she said upon the examining trial and which she admitted she then stated. The naked statement that she allowed appellant to have intercourse with her upon his promise to marry, if disconnected from other parts of the testimony and other expressions used by the witness throughout, might furnish some basis for appellant's contention; but looking to this unfortunate girl's testimony as a whole and at practically all of her other statements made while on the witness stand. in this case, it appears manifest to our minds that the evidence does not so make out a case of barter and sale as to justify the conclusion that such was the dependence of prosecutrix in allowing the carnal act.

Being unable to agree with the contentions made by appellant. the motion for rehearing will be overruled.

*Overruled.*