L. D. ANDERSON v. THE STATE.

No. 11842. Delivered June 20, 1928.

242

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

The facts show that in consequence of a statement made by appellant, certain stolen property was found. Appellant in that connection admitted his guilt, with another party, of the taking of said property.

There are four bills of exception. Bill No. 1 complains of the admission in evidence of a statement by appellant to the officers to the effect that he in company with one Mackey had burglarized the garage from which the stolen casings and tubes were taken. It appears from the court's qualification to this bill of exceptions that the statement objected to was a part of and contemporaneous with the statement found to be true by discovery of part of the stolen property. We think the entire conversation admissible, and that no error appears.

The second bill of exceptions complains of certain statements made by appellant on the day following his arrest, and while under arrest and at the police station. An examination of the record in this case shows that witnesses Hanna and Raney both testified to the same facts as those objected to, without objection, before the witness Trammell was put on the stand. In a number of recent cases this court has adhered to the rule that where evidence is before the jury without objection, a subsequent objection to the same

testimony will be of no avail. McLaughlin v. State, 4 S. W. 2d 54. Bill No. 3 as qualified presents no error. ·

Bill No. 4 objects to a remark made by the court in charging the jury not to consider a statement made by the prosecuting attorney. It seems that appellant objected to the remark of the prosecuting attorney concerning a written statement, which written statement is not set out, and nothing further concerning its attitude before the court appearing, the judge presiding, in reply to an objection of counsel for appellant, after saying that there was no evidence on the trial to show that any written statement had ever been made by the defendant, said: "The witness says that the typewriter was there— that would indicate what was done, but I will charge the jury not to consider it." We find nothing in the remark of the court violative of any of the rules forbidding the judge to comment on the weight of the testimony or to make any remarks indicating his view about the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*