JOHN H. HALEY v. THE STATE.

No. 12230. Delivered March 27, 1929.
Rehearing denied May 15, 1929.

382

The opinion states the case.

*John T. Spann* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

From the evidence, without conflict, the following appears. The appellant and Josie Haley had been married about two months. She had previously been married and had a girl twelve years of age. Mrs. Haley and her daughter returned to their home about dusk in an automobile. The appellant had been away from home and reached there first. Without warning and without disclosing the cause therefore, the appellant assaulted his wife with some instrument or weapon which she was not able to describe. She became unconscious and was removed to a hospital. In substance the doctor described the wounds thus: She had twelve wounds on her head, several of them reaching to the skull and exposing the bone; her arm was broken; her eye was badly injured. The skull was fractured causing intracranial hemorrhages. The wounds in the head were such as might have resulted in death.

The appellant was a railroad switchman. He introduced a number of witnesses, all of whom testified that he bore a good reputation as a peaceable law-abiding man. He testified in his own behalf, a synopsis of his testimony being as follows: He was forty-seven years of age; had lived in various states, and had been in Texas since 1912. He had been railroading since he attained his manhood. The former husband of his wife was McAdams, a switchman and friend of the appellant of long standing. The appellant was divorced from his former wife, and McAdams and his wife were also divorced.

The appellant was a resident of Dallas and owned his home. He said that he loved his wife and still loved her; that between them there had never been spoken an unkind word up until the time of the assault. He had been drinking and went home about sundown. After going home he received information over the telephone that his wife was keeping company with her former husband; that he did not believe that to be true; that after assaulting her he learned that it was not true; that when he received the information he "guess" that he went insane; that he was sorry. The information to which he referred was given him by a friend of his named Barnes. Barnes was not called as a witness but the appellant stated that Barnes informed him some days later that the report against his wife was a mistake.

In the record there are seventeen bills of exceptions. With reference to each of these bills the qualification made by the trial judge is destructive of the bill and a discussion of them would be superfluous. In those addressed to the charge, the court declares that no exception was reserved, and in those addressed to the receipt or introduction of evidence in substance the same qualification is found The only two bills which are not in the condition mentioned are Nos. 16 and 17, to which we advert as follows:

In Bill No. 16 it appears that while testifying in his own behalf the appellant was asked by State's counsel "why he assaulted little Ruth (his stepdaughter) with the same weapon with which he struck his wife." In qualifying the bill the court states that the only persons present besides the appellant and his wife was Ruth, the stepdaughter of the appellant; that the assault upon Mrs. Haley happened in the presence of Ruth; and that immediately before striking Mrs. Haley the appellant struck his stepdaughter. Mrs. Haley had previously testified that as she got out of the automobile the appellant must have struck Ruth as she heard Ruth screaming and then heard the appellant yell: "Ruth, Ruth, shut your mouth; your mother's all right." The court states that this was all res gestae of the transaction for which the appellant was on trial. The assaults upon Ruth and her mother were made at the same time and were so intimately connected as to justify the introduction in evidence of the entire transaction. It may be stated, however, that the prosecutrix, Mrs. Haley, testified without objection to the same facts the proof of which were attempted.

From Bill No. 17 it appears that on the cross-examination of the appellant two weapons were before the jury, one being a one-inch

pipe and the other a wooden stick about one inch by two inches and each about three feet in length. The appellant was asked which of the weapons exhibited he used in making the assault. He answered that he did not know what he struck her with. In the bill it is stated that the weapons exhibited were never identified and their exhibition to the jury was made the subject of objection. In qualifying the bill the court states that the appellant having testified that he did not remember what the assault was made with, he was asked if he assaulted her with a pistol, and he replied that he could not say; he was asked if he assaulted her with a shovel and he replied he could not say; and he was asked what kind of an instrument she was assaulted with and he answered that he did not remember. Immediately after these questions were asked and the defendant refused to identify the instruments complained of, the weapons which were then on the table in front of and in view of the jury were not introduced in evidence and were not sought to be introduced in evidence, but were removed from the court room and from the sight of the jury.

The motion for new trial presents no question of fact and no matter which has not been reviewed in passing upon the bills of exceptions.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined at some length the motion for rehearing filed by appellant, but see no reason to doubt the correctness of our conclusion as expressed in the original opinion. The facts in this record show a most fearful assault by appellant upon his wife. Our statement regarding the condition of each of the bills of exception referred to appears, upon re-examination, to be correct. The court gave special charges favorable to appellant, presenting the theory that if his mind was agitated by passion so as to be incapable of that deliberate condition involved in malice aforethought, they should only find him guilty of aggravated assault.

Believing that no error was committed, and that the former judgment of this court was correct, the motion for rehearing will be overruled.

*Overruled.*