## TOMMIE LEE v. THE STATE.

No. 13864. Delivered January 21, 1931.

The opinion states the case.

*J. H. French, Jr.,* of Daingerfield, and *J. A. Ward,* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully manufacturing intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one year.

At the time of his arrest the appellant was at a still and was making whisky. The capacity of the still was fifty gallons. Four gallons of whisky were found at the still and, according to the sheriff, there was enough mash on hand to make six gallons more. It was claimed that the whisky made was for the use of the appellant and the members of his family for medicinal purposes. From the testimony of the wife, the mother, the appellant and the doctor mentioned, it was developed that the mother, due to her age and infirmities, was in need of whisky as a stimulant and as medicine; that she had been advised by the doctor to use whisky combined with other drugs, notably, camphor and asafetida,

for some of her ailments; that she was suffering from rheumatism and the weakness attendant upon her old age; that the wife was pregnant and was in need of whisky; that she had been advised by the doctor to use whisky; that she had smothering spells and found relief from the use of whisky whenever she could get it; that the appellant was a farmer working on a small farm, and, according to the doctor, was without funds; that he was making a bare living; that he also dug and cleaned out wells at times, and due to the exposure in that work had suffered from rigors for which the doctor recommended the use of whisky.

A reversal is sought on account of the insufficiency of the evidence. We are constrained to the view that the issue was one for the jury. The quantity of whisky which had already been manufactured, the size of the still and the preparation for making an additional quantity of whisky, were facts available to the jury in passing upon the purpose for which the appellant was engaged in the manufacture of whisky. The appellant, his wife and mother were all interested witnesses. Their testimony was not conclusive upon the jury. See Hawkins v. State, 99 Texas Crim. Rep., 569, 270 S. W., 1025; Costillo v. State, 98 Texas Crim. Rep., 406, 266 S. W., 158. The principle stated has been reaffirmed in many recent cases. See Shepard's Texas Citations, Nov. 1930, p, 129; among them, McCoppy v. State, 110 Texas Crim Rep., 569, 9 S. W. (2d) 740. See also Shepard's S. W. Rep. Citations, Nov. 1930, p. 592. While the doctor may be regarded as a disinterested witness, he gave no opinion as to the quantity of whisky necessary for medicinal use in the family. Although his testimony and that of the other members of the family is quite persuasive that some whisky was needed for medicinal use, the testimony as a whole is not deemed of such weight as to warrant this court in annulling the verdict of the jury which has the sanction of the trial judge.

An affirmance is ordered.

*Affirmed.*