## Jim Metz v. The State.

No. 16767.   Delivered June 29, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1025.

The opinion states the case.

*E. A. Landman* of Athens and *McKee, Landman & Green,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder without malice, and his punishment assessed at confinement in the State penitentiary for a term of three years.

The record discloses that on Saturday evening, after sundown, the appellant appeared at the home of F. P. Howell; that he went into the kitchen with F. P. Howell, and Mrs. Howell was preparing the evening meal; that appellant and Howell started to go to town in the appellant's car when some trouble occurred between them resulting in the fatal stabbing or cutting of F. P. Howell by the appellant. The appellant's contention was that while he was at Howell's home that Howell cursed and abused him and struck at him, appellant, with a knife, cutting his shirt; that he, appellant, then cut Howell in self-defense. The State's contention was that the appellant came to the home of Howell to get him to go to town with him and get some whisky which the appellant wanted to take to Howell's home and leave there, but Howell objected to this.

By bills of exception Nos. 1 and 2 the appellant complains of the action of the trial court in permitting the State to prove by C. C. Slaughter the following facts, to-wit: "I was running a filling station in Frankston. My filling station was located on the southeast corner of the square, next to the depot. Dick (F. P. Howell) came across the street from the depot in a fast walk. I do not know how long it had been since the injury, I suppose it had just happened. He was bloody from his waist down. He asked me to carry him to the doctor and I asked him 'who done that Dick?' He says, 'Jim Metz'."

The appellant's objection to this testimony was that it was not res gestae nor a dying declaration. It appears to us that whether it came within the rule of a res gestae statement or dying declaration does not make a particle of difference in view of the fact that the appellant, while testifying in his own behalf, said: "I stabbed him with a knife, yes, sir, that was on the 10th day of June. I stabbed him somewhere around 8:30 or 9 o'clock. No, sir, he did not talk to anybody between the time I stabbed him and the time he went to Charlie Slaughter's filling station. Yes, sir, Charlie Slaughter was the first man he talked to." ,

It is apparent from the appellant's testimony that he testified to the same facts as Charlie Slaughter did and to which he objected. Hence, the same facts were related to the jury by appellant without objection. Therefore, it could not have in-

jured him; besides, it is shown by the appellant that F. P. Howell went straight from the place where he received the fatal injury to Charlie Slaughter's filling station and that Charlie Slaughter was the first man he spoke to after receiving the injury. It is further shown that it is approximately 50 yards from the depot to Slaughter's filling station and therefore what he told Slaughter occurred within a few minutes after he had received the injury near the depot, which we believe brings it within the rule of res gestae. See Outlaw v. State, 69 S. W. (2d) 121, and authorities there cited.

By bills of exception 3 and 4 the appellant complains of the action of the trial court in permitting the State to prove by L. P. Howell the following facts, to-wit: "I asked him, I said, 'Son, who cut you,' and he said, 'Jim Metz'. I asked him, 'What on earth did you stand up there for and let him cut you that way?' He said, 'Papa, I did not know that he was mad.' I asked him, 'What did he do it for?' He said it was because 'I would not let him carry one-half gallon of whisky out to my house.' "

The appellant's objection to this testimony was that it did not come within the rule of res gestae statement nor within the rule of a dying declaration. If this was all of the testimony, there might be some reason for appellant's contention, but Amos Howell testified: "I am a brother of Dick Howell. Yes, sir, on Sunday after my brother was cut Saturday night, I had a conversation with him. I was sitting on the bed fanning him and he turned over to me and says: 'I am going to die; Jim Metz killed me because I would not let him bring a one-half gallon of liquor out to my house.' "

It will be observed that the same matters to which L. P. Howell testified were related to the jury by Amos Howell without any objection, and therefore the testimony of L. P. Howell, although not coming strictly within the rule of a dying declaration, could not have injured the appellant. We think the testimony of Amos Howell is clearly within the rule of a dying declaration.

What we have said with reference to bills of exception 3 and 4 applies with equal force to bills of exception 5 and 6 and said bills are therefore overruled.

The appellant contends that the testimony is insufficient to warrant the conviction. We have carefully reviewed the statement of facts and have reached the conclusion appellant's contention can not be sustained. The appellant bases his contention upon the ground that he made a complete case of self-

defense in that he testified that deceased cursed him and struck at him with a knife, cutting his, appellant's shirt, and that he cut deceased in self-defense, but Mrs. Howell testified that her husband had only one knife; that on the evening of the fatal difficulty he brought home some canned goods which they were opening with her husband's knife at the time appellant was at her home and just before her husband and appellant started to go to town in appellant's car; that her husband left his knife in the kitchen and it was there when she learned that her husband had been cut by the appellant. This contradicted the appellant's testimony relative to the issue of self-defense. The appellant further testified: "After I cut Dick I got with my brother at home. I told them I had a fight. I packed up some of my clothes to take with me. I went to Corsicana and from there to Tyler; from Tyler I went to Hot Springs and Little Rock, Arkansas. I went from Hot Springs to Hugo, Oklahoma, and from there to Denison, from Denison I went back to Hugo, Oklahoma; from there I went to Chickasha, Oklahoma, then to Fort Worth, and from there to Houston and from there to Texas City," etc.

There was evidence introduced by the State which, if believed by the jury, would justify them in disregarding appellant's statement of self-defense. Appellant being an interested witness, the jury were not bound to believe his testimony and take it as true. The jury are by law made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. This matter was fully discussed by this court in the case of Hawkins v. State, 99 Texas Crim. Rep., 569, 270 S. W., 1025, and in the case of Lee v. State, 34 S. W. (2d) 890, and we see no good reason why we should again discuss the matter. The State proved that the appellant cut deceased because the deceased would not let him take a one-half gallon of whisky to his, deceased's home; that deceased had no knife at the time of the difficulty and could not have cut appellant's shirt, as he contends; that appellant immediately packed his clothes and went to parts unknown and kept dodging around to keep out of the way of the officers. It seems that a guilty conscience caused him to flee when no one was yet pursuing him. After having considered all of the facts and circumstances proven on the trial, we have reached the conclusion that the jury had sufficient testimony before them upon which to base their verdict. We therefore overrule appellant's contention.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is probably no better settled law in this State than that the admission of testimony without objection, renders unavailing other objections to the same matter. Bryant v. State, 109 Texas Crim. Rep., 38, cites many authorities from West v. State, 2 Texas App., 460, down to the present time. See also Anderson v. State, 110 Texas Crim. Rep., 241; Tindale v. State, 122 Texas Crim. Rep., 31. We think the court correctly let the witness Slaughter testify to what deceased said to witness just after the fatal difficulty, the same testimony having been given by other witnesses without objection. What we have just said applies with equal force to the renewed complaint of the testimony of Dick Howell. The same testimony in each instance admitted over objection, was in substance detailed by others without objection.

The motion for rehearing is overruled.

*Overruled.*