## A. O. POSTON v. THE STATE.

No. 19708.  Delivered June 22, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Smith & Dowdy,* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged by information with possessing intoxicating liquors in a container to which was not affixed a stamp showing the payment of taxes due thereon to the State of Texas. Upon his conviction he was awarded a penalty of sixty days' confinement in the county jail and a fine of $100.00.

The facts briefly show that armed with a search warrant the sheriff and his deputies approached the home of appellant and his wife, and found the screen doors latched, and saw through the door appellant's wife pouring some liquid out of two fruit jars into an ice box that contained water and lysol. These fruit jars contained whisky, and had no stamp thereon showing the payment of any tax to the State.

It was proven that such liquid as was being poured out of these jars was whisky, and that the containers were unstamped. The question that gives us concern, however, is the connection of appellant with the possession of such whisky. The officers testified upon cross-examination that appellant was not at the house at the time of the search, and that he did not come there while they remained at such house. Jimmie Latham, the constable, testified:

"Mr. Poston was not there. I didn't see him anywhere around there. I had not seen him there before I went to the house. I don't know how long it had been since the last time he was at the house. I figure we stayed around there about thirty minutes. During the thirty minutes we stayed there he didn't come to the house. We all left, and I don't know when he was ever there after we left. I never saw him having anything to do with either one of those fruit jars. I don't know that he ever saw them in his life. I don't know that he ever touched them in his life. The only

person I ever saw have anything to do with either one of those fruit jars was Mrs. A. O. Poston. I didn't see Mrs. A. O. Poston nor her husband acting together in any way with those fruit jars. I had never seen them together at any time or place with those fruit jars."

Roy Hays, the deputy constable, testified: "This place I went to was this man's home. The defendant was not there. I don't know when he was last there. I don't know how long he had been gone. We stayed there about fifteen minutes. I don't think we were there longer than that. I think fifteen minutes would catch it. The defendant didn't come to his home while we were there, I don't know when he next came there. I didn't see him have anything to do with either one of those bottles or jars I testified about. I don't know that he ever in his life touched either one of them. The only person I saw touch either one of them was his wife and I didn't make any complaint against her."

There was also testimony introduced by the State that this house was the home of A. O. Poston, and that he had been seen around there a few days before this search.

There is no testimony in this record, other than the above, that connects this appellant in any way with the possession of this untaxed liquor. In fact, the testimony seems to connect another, his wife, with such possession, and under the criminal laws of this State they are separate and distinct personages, neither criminally responsible for the acts of the other. We do not think these facts are sufficient to show that A. O. Poston was in possession of this unstamped liquor, and this judgment will therefore be reversed and remanded.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—The State, by its county attorney, has filed an able and elaborate motion for rehearing. In it, it is seriously contended that we erred in the disposition of this cause on original submission because we held the evidence insufficient to sustain appellant's conviction.

The contention is here urged that our opinion is in direct conflict with the decision of this Court in the case of Watson v. State, 24 S. W. (2d) 830.

We think this case is distinguishable on the facts from the one mentioned. In the Watson case, there was no evidence that Mrs. Watson had any connection with the unlawful possession of

the whisky. Of course, she was present in the home where the liquor was found—where she had a right to be and where her duties required her to be. But there was no showing that she had any connection with the whisky.

In the case under discussion, the appellant was not at home. It was not shown when he had last been there or how long after the raid, if ever, he returned. Mrs. Poston, the wife of the appellant, was alone present in the home when the officers arrived. She poured the whisky out of the fruit jar into an ice box and undertook to destroy the evidence of the possession of untaxed liquor. Her act tended to show that she was in possession of the liquor by exercising acts of ownership and control over it. To hold that her husband would be subject to prosecution for the possession of untaxed liquor under these facts without any evidence that he aided or encouraged her in the commission of the offense, would amount to an abolition of the rule requiring the evidence to show the accused's guilt beyond a reasonable doubt.

Believing that the case was properly disposed of on original submission, the State's motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.