### EARL SHAFFER V. THE STATE.

No. 20091. Delivered January 25, 1939.

The opinion states the case.

*E. G. Pharr* and *C. C. McKinney*, both of Cooper, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for possession of intoxicating liquor in dry area for purposes of sale. The punishment assessed is a fine of $150.00.

Appellant's first contention is that the evidence is insufficient to sustain his conviction. The evidence adduced by the state, briefly stated, shows that on the night of March 11, 1938, two agents of the Liquor Control Board went to a house where appellant lived to make a search of the premises. The only persons they found at the house were appellant's wife and a small child. They entered, made a search for intoxicating liquor, and found twenty-two cans of beer and a few bottles of soda water in a tub in a southeast room. They also found part of a pint of whisky in the kitchen, a package containing two pints in a quilt box in another room, and a pint in the bed in which the child was sleeping. In the drawer of a machine they found still another pint. The officers did not see the appellant at all. They did not know when he had last been there or when he had left.

Mrs. Shaffer testified that the two men came to her home on the night in question and made the search of her home; that the two pints of whisky found in the quilt box belonged to her brother, having been left there by him about an hour before the search was made. That the remainder of the whisky belonged to her and her husband; that it was kept by them for their private use.

Under the holding of this court in the case of Poston v. State, 119 S. W. (2d), 1053, we entertain serious doubts as to the sufficiency of the testimony to sustain appellant's conviction. However since the judgment must be reversed on another point, we do not deem it necessary to now decide the question, inasmuch as the state, on another trial, may strengthen its case.

144

Appellant, in due time, objected to the court's failure to instruct the jury on the law of circumstantial evidence and submitted to the court a special instruction thereon with the request that it be submitted to the jury in connection with the court's main charge. The court declined to submit appellant's special requested charge or one of like import. We think the case against appellant rested upon circumstantial evidence and that the learned trial court fell into error in declining to submit the special requested instruction. There is no testimony in the record that appellant sold whisky or beer at his home. No one saw him in actual possession of the intoxicating liquor found by the searching officers, nor is there any testimony that he was on the premises, or when he had last been there.

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.