## LOUIS SMITH v. THE STATE.

No. 21988. Delivered March 18, 1942.

The opinion states the case.

*Leroy L. Moore* and *J. F. Mangum,* both of Crockett, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon a charge that he possessed a certain amount of intoxicating liquor for sale. Officers with a search warrant went on the premises and there found intoxicating liquor in a quantity and under circumstances which would make a prima facie case against appellant and warrant the jury in finding that he possessed the same for sale.

Appellant's first bill of exception complains of the failure of the court to grant his special requested charge number one submitting to the jury the law of circumstantial evidence. Under the authority of Shaffer v. State, 124 S. W. (2d) 143, Bickerstaff v. State, 139 S. W. (2d) 110, and authorities there cited, appellant's contention must be sustained.

The possession of more than one quart of intoxicating liquor by virtue of our statute makes a prima facie case on a charge for possessing liquor for the purpose of sale. This court has frequently held that when the proof of possession is positive, so that reliance is not had upon circumstances to show its possession, a charge on circumstantial evidence is not required. Terry v. State, 275 S. W. 837; Buchanan v. State, 298 S. W. 569; Fromm v. State, 39 S. W. (2d) 67. While the writer is not in position to agree with the reasoning by which this conclusion is reached, it is, nevertheless, the settled holding of this court.

In the case before us the whiskey was found on or near a lot occupied by appellant, the major portion of which was near the line and the evidence of appellant makes the contention that it was on an adjoining lot. Paths in the grass were discovered leading from appellant's house to the place where the whiskey was found. This was a circumstance sufficient to support the jury's verdict, but its submission to the jury requires a charge on circumstantial evidence.

Other complaints found in the record will be overruled.

For the error of the court in refusing to submit the law of circumstantial evidence to the jury, the judgment of the trial court is reversed and the cause remanded.