### KENNETH MARTIN V. THE STATE.

No. 23730. Delivered October 8, 1947.

*E. F. Fruechte*, of Wichita Falls, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for liquor law violation with a fine of two hundred dollars.

The complaint alleges a former conviction, being Cause No. 4457 in the same court. Upon the trial of the case a deputy county clerk identified the records which were introduced in evidence showing the former conviction in the above cause. In addition thereto she was permitted to testify of still another prior conviction for a similar offense which was not alleged in the complaint. This is Cause No. 4485 and is, "* * * a final judgment of the court for transportation of liquor in a dry area." This evidence was admitted over the objection of appellant and complaint is brought forward by proper bill.

The court evidently had in mind that any prosecution for possession of liquor for the purpose of sale, or evidence of other sales, is admissible for the purpose of showing intent of the accused with respect to the liquor found in his possession and charged in the instant case. A conviction for UNLAWFUL TRANSPORTATION would have no probative force to show such intention, and the admission of such conviction when not alleged in the information was improper.

In Brooks v. State, 137 S. W. (2d) 768, it was held, in a prosecution for possession of liquor for the purpose of sale in a dry area, that it was error to admit evidence of conviction for maintaining a common nuisance by maintaining a house where intoxicating liquor was sold without a permit. After stating that it was permissible, on the question of intent, to prove sales of intoxicating liquor at times not too remote, the opinion says: "Further than as indicated this court has not gone." The chief inquiry in the case before us is on the question of intent. All circumstances to support this may be admissible. Offenses which would not so indicate, though similar in nature, are not admissible unless charged in the complaint for the purpose of en-

hancement of the penalty. Transporting liquor in violation of the law may be one of the steps in the sale of it, but there are many prosecutions for unlawful transportation where the party himself did not do so for the purpose of sale. While the Brooks case, supra, has been referred to as supporting the contention that the evidence complained of is admissible in the instant case, we think it is authority for the position which we take that the evidence was not admissible.

A number of complaints are brought forward by bills of exception, the most material one of which relates ot the affidavit for the search warrant. Considering the instrument as a whole, it is evident that the name of the county was left out by mistake and we think it sufficient that the affidavit definitely described the location of the house to be searched, and the property, in the following language: "* * * described as (a) a white stucco garage facing S. known as Kenneth Martin Garage, Located on Lot 12, Blk. 24, Morris Add. to town of Seymour, Texas. Said Garage is across the street N. from First Baptist Church. There is an alley way just E. of said Garage. Also included are all improvements and appurtenances on said premises. There are tall weeds in rear of garage—and being the premises of and owned by N. Nelson and in possession of and occupied by Kenneth Martin as a place where alcoholic beverages are unlawfully possessed, sold, manufactured, kept and stored in violation of the provisions of the Texas Liquor Control Act, * * *."

It is our conclusion that the affidavit sufficiently complied with the law as a basis for the issuance of a search warrant.

As the fruit of their search the officers found only two pint bottles of gin in a clean carton which had originally contained twenty-four such bottles. They also found a large number of empty bottles on the premises, which had contained intoxicating liquor. Such facts are admissible as circumstances to sustain the State's contention. Under Article 666-23a, Vernon's Ann. P. C., the possession of MORE THAN a quart of liquor would be sufficient upon which the jury MIGHT find that the possession was for the purpose of sale. We are unable to say, in view of the present record, that the facts and circumstances will not support a jury's verdict. The possession of one pint, or any quantity of a quart or less, may support a conviction if there are facts and circumstances consistent with it and sufficient to comply with the requirements of law. In event of another trial, attention is called to the provision of Article 666-23a and to the require-

ment that there must be circumstances other than a quart of intoxicating liquor in order to support a conviction.

For the error of admitting the evidence of a conviction for unlawfully transporting liquor, when not alleged in the complaint and information, the judgment of the trial court is reversed and the cause is remanded.