### W. F. BIGGS v. STATE.

No. 24947. November 1, 1950.

*Howard J. Hendrix,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted by a jury of false imprisonment and given a term of one year in the county jail, and he appeals.

On January 10, 1950, appellant, an adult male, 23 years old, was driving a Crosley station wagon in the city of Houston in the morning hours. He drove near two school children within a short distance of the Burbank Elementary School, where these children were going. One child was a girl, eleven years old, and the other, her brother, who was eight years old. Appellant opened the door of his car and asked the girl if she wanted to ride, and she declined the invitation. He then grabbed her by the arm and pulled her in the car, so the state's witness said. The eight-year old boy also followed her and got in the car. Appellant soon stopped the car at a stop sign, and the girl asked him to let her out, but he started driving on and she commenced to cry. She soon saw two men fixing a culvert, after having gone some distance, and she motioned to them, but appellant continued driving. The door of the car nearest the girl was locked. Appellant drove into a dead-end street. The girl then put her foot on the brake, stopping the car, and she opened the door and got out, still crying. She and her brother ran to the men at the culvert. One of them, a deputy sheriff, went to appellant's car and pulled him out. The deputy sheriff had his wife to take the children to their school where they arrived later than the usual hour.

The appellant's version of the matter is summarized as follows: "Appellant testified that it was sprinkling—beginning to rain—and he stopped his car and offered to take the children to school. He drove a block past the school—he didn't see the school. He asked the children to tell him where to turn around.

He turned around and started back the way he had come, and as he passed Mr. Grothe's house, the girl said, 'There is some one we know, let us out of here,' and he opened the door and let them out. He denied that the girl was crying."

There were two counts in the information, the first charging an aggravated assault by an adult male upon a female child, and the second count charging false imprisonment under Article 1169, Vernon's Penal Code.

The jury acquitted the appellant of the first count and convicted him of the second count with the one-year penalty in jail.

There are no special requested instructions and no exceptions to the trial court's overruling of certain purported objections to the court's charge. Any objection, if properly presented and excepted to, pertaining to the portion of the court's charge relating to aggravated assault passes out of the case, the jury having acquitted appellant of that count. Also, "actual violence" is a common term of ordinary meaning, and we find no requested charge offered in this misdemeanor case.

Bill of Exceptions No. 1 complains of what the little girl told the deputy sheriff immediately after she had put her foot on the brake and escaped from the car. She seemed to be crying at such time and was practically in the presence of appellant, who was not placed under arrest at such time. We think the trial court was correct in allowing such statement as res gestae.

Bill No. 2 relates to the testimony of the appellant's father-in-law, and after the witness had testified that "I have never seen anything out of the way with the boy" * * * "that he was a good boy"—he was asked if he had ever heard that he (defendant) had been charged with theft, and he answered "No." Then the witness continued: "All I have heard is what I read in the paper." This bill is qualified by the court and shows "that the same fact was afterward testified to without objection," by another witness. See Wicklund v. State, 119 Tex. Cr. R. 96, 44 S.W. (2d) 696; Metz v. State, 127 Tex. Cr. R. 126, 74 S.W. (2d) 1025; Hamilton v. State, 145 Tex. Cr. R. 78, 165 S.W. (2d) 737.

Bill No. 3 relates to the argument of the state's attorney in which he attempted to give his recollection of the testimony of the little girl. This bill is incomplete in that it merely singles out a short portion of such address and does not give the con-

text of these isolated and complained of remarks. Again, it fails to negative the fact that same were not made in answer to the argument of appellant's attorney; and no instruction was prepared nor requested relative to the same. See Hatchell v. State, 47 Tex. Cr. R. 380, 84 S.W. 234; White v. State, 129 Tex. Cr. R. 59, 84 S.W. (2d) 456; Bronikowski v. State, 100 Tex. Cr. R. 600, 272 S.W. 200; Stovall v. State, 153 Tex. Cr. R. 495, 221 S.W. (2d) 278. Furthermore, we express the opinion that the remarks were a proper deduction from the testimony of witnesses given before the jury.

Appellant in his brief insists that in order to uphold this conviction it was necessary to show a violence or an assault upon the body of the little girl; and that the jury having acquitted appellant of an aggravated assault, the claimed act of violence herein cannot be utilized by the jury under Article 1169, Vernon's Penal Code. To subscribe to this doctrine would be destructive of much of the pleading in misdemeanor cases, where not only different methods of committing an offense can be alleged in different counts, but also different offenses can be alleged in separate counts; and a conviction could be had for all of such different offenses, or a conviction in some be had and an acquittal be had in other such counts.

The fact that this jury saw fit to acquit appellant of an aggravated assault would not necessarily carry with it an acquittal under the statute (Article 1169, supra) which denounces a detention as having been "effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from moving from one place to another as he may see proper." Possibly the jury may have decided that the violence was not sufficient to call same an assault, yet it was sufficient to cause this child to be detained from moving from one place to another.

We find no error in the record, and the judgment will be affirmed.