## A. B. (RED) MONEYHUN V. STATE.

No. 26,639. November 25, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) January 20, 1954.

318.

*Ash and Abbott,* by *Theo Ash,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of the offense of unlawfully possessing beer in a dry area for the purpose of sale and was by the jury assessed a fine of $200.00 and confinement in the county jail for 30 days.

Bill of Exception No. 1 complains of the action of the court who failed to place Mr. Ed Powell, sheriff of Taylor County, under the rule, but permitted him to remain in the court room and hear the testimony of the other witnesses during the trial. Usually, the sheriff of the county, unless for some peculiar reason, is to be excused from the rule in order that he might attend to business of the court as well as other matters that might arise during the trial of the case. There is no showing herein that the appellant was injured in any way by the sheriff's presence in the court room.

All the witnesses testified that upon a search of the appellant's home under a search warrant they found sixteen 12-ounce cans of beer in a small ice box in the front room near where the appellant was lying on a bed; that a man was sitting near the appellant with a can of beer in his hand; that as the officers were entering the house three men were leaving it; that there was

the odor of alcohol upon the breath of one of them, the others not being close enough to tell; that there was one empty case of beer sitting near the ice box, which box contained ice water and sixteen cans of beer. There were many empty cases in the barn or shed near the appellant's house which were introduced in evidence by the state.

Bill of Exception No. 2 seems to be a motion for an instructed verdict which we think the court properly overruled.

Bill of Exception No. 3 relates to the action of the county attorney in requesting the officers to bring into court four cases of empty beer cans, eight or nine empty bottles, some of which had whisky labels on them, for the purpose of introducing these articles in evidence before the jury and placing them on the table in the presence of the jury. Appellant objected to their introduction before the jury, claiming that same were prejudicial and inflamed the minds of the jury against the appellant. The court overruled this objection and permitted the officers to bring these articles into court and place before the jury four cases of beer cartons supposedly containing empty beer cans, eight or nine 4/5 quart bottles, some of which had whisky labels on them, and one ½ pint bottle with about one ounce of fluid in it. They were objected to again, and appellant saved his bill to the fact that they were placed in the presence and sight of the jury. However, it is shown from the testimony of the witnesses that such articles as herein mentioned were found on the premises of the appellant at the time of the search.

Bill of Exception No. 4 relates to the fact that the articles mentioned in the preceding bill were allowed to remain in the court room in the presence of the jury during the trial and were used as evidence by the jury, so appellant claims, in arriving at their verdict. Appellant then offered an objection to said empty bottles being left as evidence in the presence of the jury. However, the court having sustained the appellant's objection to the empty 4/5 quart whisky bottles, did not allow the state to introduce them in evidence, but same were left in the presence of the jury and not removed from the court room.

Bill No. 5 seems to be concerned with the admission in evidence of the sixteen 12-ounce cans of Schlitz beer found in a small ice box in the front room of the appellant's residence. It is contended that this quantity of beer was all that the state claimed that appellant possessed at the time and

place in question. Appellant prepared and requested the court to give a special charge telling the jury in substance that the possession of beer is not sufficient evidence within itself to convict the defendant in this case "and unless you believe beyond a reasonable doubt from other evidence that the defendant is guilty as charged in the information, or if you have a reasonable doubt thereof, you will acquit the defendant" etc. The court gave a general charge of which Paragraph 3 reads as follows:

"You are further charged that before you can find the defendant guilty you must find and believe from the evidence beyond a reasonable doubt that he did on or about the 10th day of January, A. D., 1953, possess the beer for the purpose of sale."

Again, the court, in a special charge instructed the jury, among other things, as follows:

"It is not necessary that it be ownership to constitute such possession, nor is the possession required to be exclusive; but in order to find this defendant guilty you must find beyond a reasonable doubt that the said defendant possessed the sixteen 12-oz. cans of beer and that such possession was for the purpose of sale."

The court further instructed the jury in a special charge on the law of circumstantial evidence, and we find no objection thereto.

We think that the introduction of the sixteen cans of beer found in the ice box, the presence of a man sitting in the building near the appellant with a can of beer in his hand, as well as the circumstance of many empty cans of beer as shown by the empty cases found in the house and in the shed adjacent thereto, were enough circumstances to show that appellant possessed these sixteen cans of beer for the purpose of sale, that being the charge upon which he was tried.

It is recognized that the possession of sixteen cans of beer would not be prima facie evidence of the fact that such possession was for the purpose of sale, but the sixteen cans of beer would be admissible in order to show the purpose of the possession thereof though not prima facie evidence that it was possessed for the purpose of sale. A lesser amount of beer could be possessed for the purpose of sale though the prima facie

portion of the statute would not be operative on less than twenty-four 12-ounce cans of beer. See Martin v. State, 151 Tex. Cr. R. 62, 204 S.W. (2d) 627.

No error has been presented by the record before us. The judgment of the trial court is therefore affirmed.