Freddie Ray JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39271.

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

Rehearing Denied April 27, 1966.

Second Motion for Rehearing Denied
June 8, 1966.

Brown, Shuman & Harding by Clifford W. Brown, Lubbock, for appellant.

George R. Killiam, County Atty., Snyder, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of beer for the purpose of sale in a dry area with two prior convictions for offenses of the same nature alleged for enhancement; the punishment, one year in jail and a fine of $750.00.

It was stipulated that Scurry County was a dry area, and the prior convictions were proven.

Sheriff Collier and Highway Patrolman Rehm went to appellant's cafe and dance hall at 11:30 p. m. on a Saturday night. Upon entering the dance hall they found a number of people seated at tables and standing around a shuffleboard, however, most of the patrons soon departed. They observed a number of beer bottles, some of which were on the floor under the tables. One Latin American patron put a 12 ounce beer bottle on the floor and made an effort

to conceal it with his leg. None of these bottles from the dance hall was seized by the officers, but they did recover four unopened quarts of beer and a partially full opened quart of beer from the refrigerator in the cafe's kitchen.

Appellant testified that he had been back in the dance hall playing shuffleboard most of the evening and knew nothing about the quarts of beer found in his ice box. In this he was corroborated by his wife, who stated that a boy named T-Bone had brought the five quarts of beer to the cafe shortly before the officers' arrival and that she had furnished the ice with which to cool it more rapidly. She further stated that she had given the officers her consent to search the refrigerator.

Appellant's principal contention is that the evidence is insufficient to support the conviction since not enough beer was seized by the officers to bring into play the prima facie presumption made operative by Article 667–25(b) Vernon's Ann.P.C.

■ The case most nearly in point is Moneyhun v. State, 159 Tex.Cr.R. 317, 263 S.W.2d 266. In that case, as in the case at bar, fewer than twenty-four 12 ounce cans of beer were recovered, however, we held the evidence sufficient to sustain the conviction because of the introduction of beer found in the refrigerator of the accused's building, the presence of a man sitting in the building near the accused with a can of beer in his hand and the proximity of empty beer cans found in the building and in an adjacent shed. While this record does not show how far from appellant the Latin American was when he attempted to conceal his bottle of beer from the officers, it does show that he and appellant were in the same room where many other beer bottles were seen.

■ Appellant's last contention is that the court erred in failing to charge that mere presence, in the absence of an agreement to commit an offense, will not constitute one guilty as a principal. The contention was put to rest in Fisbeck v. State, 166 Tex.Cr.R. 105, 311 S.W.2d 865, which is here controlling.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant strenuously insists that under the law of circumstantial evidence, which was given to the jury in the court's charge, the evidence was insufficient to show that he possessed the beer in question or that it was possessed for the purpose of sale.

We have again reviewed the record in the light of such contention, and remain convinced that the evidence is sufficient to sustain the conviction.

It was undisputed that the beer was found on premises occupied and controlled by appellant and his wife. Appellant was present on the premises when the beer was confiscated. The beer was found in appellant's refrigerator, and the evidence does not show an equal opportunity of others to possess it.

■ The jury were the exclusive judges of the credibility of the witnesses and had the right to reject the testimony of appellant's wife to the effect that the boy named T-Bone had brought the beer to the cafe shortly before the officers arrived. Lee v. State, 117 Tex.Cr.R. 231, 34 S.W.2d 890.

■ Under the decision in Moneyhun v. State, supra, cited in our original opinion, proof that there were empty and partially-filled beer bottles in the place and that one patron sitting in a booth had a bottle of beer which he tried to conceal was sufficient to support a finding that the beer in the refrigerator was possessed by appellant for the purpose of sale.

Poston v. State, 135 Tex.Cr.R. 317, 119 S.W.2d 1053, cited by appellant, is not here controlling, because in that case the accused was not present when the officers went to his home and observed his wife pouring whisky out of two fruit jars into an icebox.

In Stout v. State, 169 Tex.Cr.R. 110, 332 S.W.2d 572, also cited by appellant, it was the wife and not the husband who was convicted of possessing liquor found in the home where she and her husband lived. In the absence of a showing that she exercised any control or management of the liquor so as to implicate her rather than her husband, the evidence was held insufficient to convict.

Being convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the court.