**Guy Edward PITTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41881.**

Court of Criminal Appeals of Texas.

March 5, 1969.

Rehearing Denied April 16, 1969.

John R. Coe, Houston, Court-appointed counsel, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 10 years.

The prosecuting witness and a liquor salesman positively identified appellant as the robber who, at about 8 P.M., at pistol point demanded and received the money in the cash register in a liquor store owned by the prosecuting witness.

Appellant's first two grounds of error complain that the court erred in overruling his motion for mistrial because counsel for the state exhibited before the jury a pistol which was never admitted in evidence.

Appellant concedes in his brief that under the settled law of this state the exhibiting of the pistol was not reversible error, the court having sustained the defendant's objection. McLaughlin v. State, 127 Tex.Cr.R. 390, 76 S.W.2d

768; Haley v. State, 112 Tex.Cr.R. 381, 16 S.W.2d 1070; Moneyhun v. State, 159 Tex.Cr.R. 317, 263 S.W.2d 266.

Appellant contends that the prosecutor's assertion: "We will connect that up later," made before the jury, gave such added weight to the display that the effect thereof could not be removed by the court's instruction.

Appellant concedes that Newton v. State, 150 Tex.Cr.R. 500, 202 S.W.2d 921, appears to be authority for a contrary view.

The prosecuting witness testified that the pistol exhibited "looks something like," and "could have been" the gun used by the robber. The salesman also testified that the pistol exhibited "looks like the same gun."

The cases cited sustain our conclusion that the trial court did not err in overruling the motion for mistrial.

The remaining ground of error relates to the closing argument of counsel for the state and complains that the court denied his motion for mistrial made after said counsel's remarks:

"You know what happened. We can't go into all that. He knows we can't, because that is hearsay. Anything that happened before Tully got in the place, we can't tell you. We can't tell you that: Well, they told me that Tully was in there and such and such happened and I saw him with the pistol and all. We can't tell you that * *."

The contention is:

"Such argument was outside the record and was designed to apprise the jury of inadmissible facts not in evidence, i. e., that the defendant had been the owner of the pistol Tully had seen in

the lounge shortly after 11:30 P.M. on the night of the crime."

The remarks complained of were not so prejudicial or harmful as to deprive appellant of a fair trial.

The trial court did not err in denying the motion for mistrial.

The judgment is affirmed.